[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2007
THOMAS K. KAHN
CLERK

No. 06-15342
Non-Argument Calendar
_____

BIA No. A97-930-496

HERNA CHARLES,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(June 5, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Herna Charles, a native and citizen of Haiti, petitions this Court for review

of the decision of the Board of Immigration Appeals ("BIA") denying her motion

to reconsider its affirmance of her removal order, which was based on a denial of

cancellation of her removal. On March 24, 2006, the BIA upheld the Immigration Judge's ("IJ") discretionary denial of cancellation of removal, pursuant to 8 U.S.C. § 1229b(b)(1)(D), and dismissed her appeal. Charles filed no petition for review of the BIA's dismissal order in this Court. On April 21, 2006, Charles filed a motion to reconsider the removal order, arguing that the IJ had failed to consider the excessive hardship on her children that her removal would cause. On September 6, 2006, the BIA denied the motion to reconsider. Charles then filed this petition for review from the denial of her motion to reconsider. We deny the petition in part and dismiss the petition, for lack of jurisdiction, in part.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (internal quotation omitted). We have jurisdiction over a "final order of removal," so long as the petition for review is filed within 30 days. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1); Stone v. INS, 514 U.S. 386, 394-95 (1995) (providing that "deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider"). An order of removal becomes final upon, inter alia, the dismissal of an appeal by the BIA. See 8 C.F.R. § 1241.1(a). A petitioner's filing of a motion to reconsider does not toll the statutory time to petition for review." Stone, 514 U.S. at 394. "[T]he statutory limit for filing a petition for review in an

2

immigration proceeding is 'mandatory and jurisdictional,' [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (quoting Stone, 514 U.S. at 405).

Because Charles did not file her petition for review within 30 days of the BIA's March 24, 2006 decision, and because the filing of a motion to reconsider does not toll this statutory time-period, we lack jurisdiction to review the March 24, 2006 decision and therefore dismiss the petition as it relates to that decision.[1] Although we have jurisdiction to review the BIA's September 6, 2006 order denying reconsideration, Charles has abandoned any claim of error as to that order by failing to raise any argument about it in her brief. Therefore, as to that order, the petition is denied.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[1] As for Charles's argument concerning the discretionary denial of cancellation of removal, we likewise lack jurisdiction to review the BIA's purely discretionary decisions, both that a petitioner did not meet § 1229b(b)(1)(D)'s hardship standard, , and that a petition was not entitled to cancellation of removal under § 1229b. See 8 U.S.C. § 1252(a)(2)(D); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1222-23 (11th Cir. 2006).

3