[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11494
Non-Argument Calendar

_____

BIA No. A98-317-855

JAIME FERNANDO LAFAURIE-CARBONELL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 07-11495
Non-Argument Calendar

_____

BIA No. A98-317-856

HENY ALIA PAUWELS-CAMPOS

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 07-13425
Non-Argument Calendar
_____

BIA No. A98-317-855

JAIME FERNANDO LAFAURIE-CARBONELL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

No. 07-13426
Non-Argument Calendar
_____

BIA No. A98-317-856

HENY ALIA PAUWELS-CAMPOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 27, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Jamie Fernando Lafaurie Carbonell ("Carbonell") and his wife, Heny Alia Pauwels-Campos ("Pauwels") (collectively referred to as "Petitioners"), seek review of: (1) the Board of Immigration Appeal's ("BIA") decision affirming the immigration judge's ("IJ") denial of their requests for cancellation of removal under the Immigration and Nationality Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b); and (2) the BIA's denial of their motion to reconsider the BIA's prior denial of their appeal and to reopen and remand the removal proceedings.[1]

Petitioners argue that the BIA's denial of the Attorney General's discretionary determination that the circumstances that their two U.S. citizen children would face if they were forced to relocate to Columbia did not merit a

_____

[1] The Petitioners originally filed four separate individual petitions for review which have been consolidated as one appeal.

3

showing of "exceptional and extremely unusual hardship" as required by §

240A(b)(1)(D) of the INA; 8 U.S.C. 1229b(b)(1)(D) was erroneous.  We have

previously held, however, that the BIA's determination as to whether an individual

has demonstrated an "exceptional and extremely unusual hardship" for purposes of

cancellation of removal is a purely discretionary decision that is not subject to

judicial review.  Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1222 (11th Cir.

2006); Gonzalez-Oropeza v. U.S. Att'y. Gen., 321 F.3d 1331, 1333 (11th Cir.

2003).[2]

We also find no merit to Petitioners' arguments regarding the BIA's denial

of their motion to reconsider and to reopen as they merely reiterate Petitioners'

prior concerns with the BIA's discretionary determination on their requests for

cancellation of removal.

PETITIONS 07-11494 and 07-11495 are **DISMISSED** and PETITIONS 07-

13425 and 07-13426 are **DENIED**.

---

[2] Although we would have jurisdiction if Petitioners' appeal raised either a constitutional
claim or a question of law, neither of those questions are presented here.

4