Junio Eugenio **RIBEIRO**, Petitioner,

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 08–13301
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 23, 2009.

Angel Luis Arias, The Arias Law Group, P.A., Hialeah, FL, for Petitioner.

John C. Cunningham, David V. Bernal, Ali Manuchehry, Blair T. O'Connor, Washington, DC, for Respondent.

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Junio Eugenio Ribeiro, seeks review of the Board of Immigration Appeals' ("BIA") order denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). On appeal, Ribeiro argues that the BIA failed to correctly evaluate the educational, economic, and medical care consequences that his children will face upon his, and their possible, removal to Brazil, but the government argues that we lack jurisdiction to consider Ribeiro's claim. After thorough review, we dismiss the petition.

We review our subject matter jurisdiction *de novo. Gonzalez–Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). The Immigration and Nationality Act ("INA") limits our jurisdiction over denials of discretionary relief in immigration proceedings, expressly providing that "[n]otwithstanding any other provision of law (statutory or nonstatutory) ... no court shall have jurisdiction to review ... any judgment regarding the granting of relief under" 8 U.S.C. § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). Under § 1229b, the Attorney General has discretion to cancel the removal order of a non-permanent resident if that alien has: (A) continuous physical presence in the United States for at least ten years, (B) good moral character, (C) a lack of certain criminal convictions, and (D) "establishes that removal would result in an exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States...." 8 U.S.C. § 1229b(b)(1)(A)-(D). We have held that "the exceptional and extremely unusual hardship determination is a discretionary decision not subject to review." *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir.2006) (quotation omitted).

As applied here, we lack jurisdiction to review any of Ribeiro's arguments chal-

lenging the BIA's finding that he failed to establish that his removal would cause an "exceptional and extremely unusual hardship" to his U.S. citizen children. *See id.*[1] Accordingly, we dismiss the petition for review.

**PETITION DISMISSED.**

---

1. We also lack jurisdiction to consider Ribeiro's argument that the BIA's case law interpreting "exceptional and extremely unusual hardship" is contrary to congressional intent because Ribeiro failed to raise this issue before the BIA. *See Sundar v. INS,* 328 F.3d 1320, 1325 (11th Cir.2003); *see Amaya–Artunduaga v. U.S. Att'y Gen.,* 463 F.3d 1247,

---

1251 (11th Cir.2006). Moreover, Ribeiro abandoned his challenges to the constitutionality of 8 U.S.C. § 1229b(b)(1) and procedural due rights violation because he failed to provide arguments on the merits in his brief. *See United States v. Gupta,* 463 F.3d 1182, 1195 (11th Cir.2006); *Sepulveda v. U.S. Att'y Gen.,* 401 F.3d 1226, 1228 n. 2 (11th Cir.2005).