[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14961
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2010
JOHN LEY
CLERK

Agency Nos. A071-532-973, A070-689-185

BEZALEEL MORAN-PONCE,
CLAUDIA MARIA MORAN,
CLAUDIA HAIDEE MORAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 17, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Petitioners Bezaleel Moran-Ponce ("Moran-Ponce"), his wife Claudia Haidee Moran ("Moran"), and their daughter Claudia Marie Moran ("Claudia"), seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") dismissal of their claims for asylum, withholding of removal and relief under the United Nations Convention Against Torture ("CAT").[1] Petitioners also seek review of the denial of Moran's application for cancellation of removal based on hardship to her two U.S.-born children. After review, we deny in part and dismiss in part the petition for review.

## I. BACKGROUND

Petitioners, Guatemalan citizens, entered the United States without being admitted or paroled and filed applications for asylum, withholding of removal and CAT relief. Petitioners claimed persecution by pro-communist guerrillas in Guatemala.

### A.    Events in Guatemala

According to their applications and hearing testimony, Moran-Ponce was not politically active or a member of any Guatemalan political organization. Moran-

---

[1]The IJ and the BIA considered Moran-Ponce's wife, Moran, and daughter, Claudia, as derivative beneficiaries of Moran-Ponce's asylum and withholding of removal claims. Thus, our holding as to Moran-Ponce's asylum claim applies equally to them. However, withholding of removal does not include derivative rights. See Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007). Thus, we affirm the denial of any derivative claims of withholding of removal on that basis.

Ponce worked with his brother-in-law transporting appliance parts throughout Guatemala. Guerrillas would set up road blocks around the country to stop drivers and demand a "war tax."

At some point in 1987 or 1988, guerrillas demanded that Moran-Ponce pay the war tax. After Moran-Ponce refused, he and his brother-in-law began receiving threatening anonymous notes stating that they must pay the war tax because they were businessmen. Moran-Ponce and his brother-in-law ignored the notes because they did not believe anything would happen to them.

In April 1988, Moran-Ponce's brother-in-law was shot and killed in front of his house. After the killing, Moran-Ponce was kidnapped by unidentified men with machine guns, beaten and stabbed in the arm with a knife. The men told Moran-Ponce that he had a "matter pending with them," which Moran-Ponce believed was a reference to the bribes he had refused to pay the guerrillas. The men drove Moran-Ponce to the outskirts of the city, where they intended to kill him. However, Moran-Ponce jumped out of the car and escaped.

In July 1989, Moran-Ponce fled to the United States, leaving his wife and infant daughter, Claudia, in Guatemala. After Moran-Ponce left, his wife and father continued to receive threatening phone calls and letters. Moran-Ponce's wife received about six anonymous notes at her home threatening that something bad was going to happen to her and her daughter. The notes did not give a reason

for the threats. In June 1991, Moran-Ponce's wife and daughter followed him to the United States.

**B.  Events in the United States**

Since arriving in the United States, Moran-Ponce and his wife have had two additional children, Derek and Rocio Moran, who are U.S. citizens. Moran applied for cancellation of removal based on the hardship her removal would cause these two U.S. citizen children. Moran testified that her children would suffer in Guatemala due to lack of educational and economic opportunities and because of Derek's asthma and panic attacks. However, Moran did not submit any of Derek's medical records pertaining to his asthma or panic attacks.

In April 2000, Moran-Ponce was convicted of possession of cocaine in a Florida state court. The government's notice to appear ("NTA") charged Moran-Ponce with removability because, inter alia, his 2000 cocaine conviction was for a controlled substance offense pursuant to INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). At his removal hearing, Moran-Ponce admitted the factual allegations in the NTA and conceded the charges of removability.

**C.  IJ's Ruling**

As to asylum and withholding of removal, the IJ credited the petitioners' testimony, but denied all relief from removal. The IJ concluded, inter alia, that the petitioners were statutorily ineligible for asylum and withholding of removal

because they had not shown a nexus between the Guatemalan guerrillas'
mistreatment of them and any of the five protected grounds. As to Moran-Ponce's
asylum claim, the IJ alternatively denied relief as an exercise of discretion due to
Moran-Ponce's 2000 Florida cocaine conviction, which the IJ found was a crime of
moral turpitude and a serious crime involving a controlled substance. The IJ
denied Moran's request for cancellation of removal, finding that Moran had not
established exceptional and extremely unusual hardship.

On appeal, the BIA agreed with the IJ that the petitioners had not shown the
required nexus, explaining that attempted criminal extortion does not constitute
persecution on a protected ground.[2] The BIA declined to address the IJ's findings
as to Moran-Ponce's criminal conviction and stated that Moran-Ponce had not
contested them. The BIA affirmed the IJ's denial of cancellation of removal,
finding the IJ correctly concluded that Moran had not shown the requisite level of
hardship to her U.S. citizen children.

## II. DISCUSSION

---

[2]Before the BIA, the petitioners did not challenge the IJ's denial of Moran's and
Claudia's separate applications for asylum, withholding of removal and CAT relief. Instead,
they challenged the IJ's findings as to Moran-Ponce's claims for which they were considered
derivative beneficiaries. Likewise, in their petition for review to this Court, petitioners do not
challenge the denial of Moran's and Claudia's separate applications for relief. Thus, Moran and
Claudia have failed to exhaust and have abandoned these claims. See Sundar v. I.N.S., 328 F.3d
1320, 1323 (11th Cir. 2003) ("[This Court] lack[s] jurisdiction to consider claims that have not
been raised before the BIA."); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir.
2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

## A.    Jurisdiction

As a threshold matter, our jurisdiction to review Moran-Ponce's final order of removal is limited by INA § 242(a)(2), 8 U.S.C. § 1252(a)(2), which strips this Court of jurisdiction to review a final removal order "against an alien who is removable by reason of having committed" a controlled substance offense pursuant to INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II), except to the extent the alien raises "constitutional claims or questions of law."  INA § 242(a)(2)(C), (D), 8 U.S.C. § 1252(a)(2)(C), (D).  In cases involving aliens who are removable by virtue of a controlled substance offense, we do not have jurisdiction to review factual determinations made by the IJ or the BIA.  Jean-Pierre v. U.S. Att'y Gen., 500 F.3d 1315, 1320-22 (11th Cir. 2007); see also Cadet v. Bulger, 377 F.3d 1173, 1184 (11th Cir. 2004).   However, we retain jurisdiction to review the application of law to undisputed facts.  Jean-Pierre, 500 F.3d at 1322.  Stated another way, we retain jurisdiction to review "the application of an undisputed fact pattern to a legal standard."  Id.  Accordingly, whether an undisputed fact pattern amounts to persecution requires a court to apply a legal definition to a set of undisputed facts.  Thus, we retain jurisdiction to entertain whether the fact pattern here constitutes persecution.

As outlined above, it is undisputed that Moran-Ponce is removable due to his cocaine conviction.  Although we lack jurisdiction to review the IJ's factual

determinations, we retain jurisdiction to determine the legal question of whether those facts constitute persecution. To do that we retain jurisdiction to determine whether the fact pattern here legally satisfied the requirement to show a nexus between the alleged persecution and one of the statutorily protected grounds.[3]

## B.    Persecution Claim

To establish eligibility for asylum, a petitioner must show either past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group or political opinion. See INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005); 8 C.F.R. § 208.13(a), (b). Similarly, an alien seeking withholding of removal must show that it is more likely than not that if returned to his home country he will be persecuted based on one of those same grounds. See INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); Sepulveda, 401 F.3d at 1232; 8 C.F.R. § 208.16(b)(1)-(2).

It is well-settled that persecution for refusing to cooperate with guerillas is not persecution on account of a protected ground. See Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). Additionally, acts of private violence and criminal activity do not constitute persecution on a protected ground. Ruiz v. U.S.

---

[3]We review the IJ's and the BIA's legal determinations de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004).

7

Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). Based on the foregoing settled principles, we have concluded that being targeted by a guerrilla group for extortionate purposes is not persecution on account of a protected ground. Rivera v. U.S. Att'y Gen., 487 F.3d 815, 821-23 (11th Cir. 2007) (involving a refusal to pay the FARC's "war tax").

Here, the IJ found that the guerrillas in Guatemala demanded that Moran-Ponce pay a war tax because he was a businessman and then threatened and kidnapped him because he refused to pay. Under our precedent discussed above, these facts do not show the required nexus.

Petitioners argue that the IJ and the BIA failed to consider mixed motives. See Rivera, 487 F.3d at 821 (explaining that an applicant may be eligible for asylum or withholding of removal if he shows that the persecution was motivated in part by a protected ground). However, Moran-Ponce was not politically active in Guatemala and offered no evidence that his refusal to pay was in any way related to a protected ground or that the guerrillas believed his refusal to pay was related to a protect ground. The only motives apparent from the facts were a desire to extort money from Moran-Ponce because he was a successful businessman and then to punish him because he did not comply with the guerrillas' extortion demands. Thus, as a matter of law, petitioners were not eligible for asylum or

8

withholding of removal.[4]  We deny the petition for review as to Moran-Ponce's claims of asylum and withholding of removal.

## C.    Cancellation of Removal

The Attorney General has the discretion to cancel the removal of a nonpermanent resident who, among other things, establishes that removal would result in "exceptional and extremely unusual hardship to the alien's [United States citizen or lawful permanent resident] spouse, parent, or child."  INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).  The IJ and the BIA concluded that Moran did not establish the hardship requirement, and petitioners challenge that ruling on appeal.

We do not have jurisdiction to review the denial of relief under § 1229b, including the discretionary determination that an alien failed to satisfy the hardship requirement, except in appeals that raise a constitutional claim or question of law. INA § 242(a)(2)(B)(i), (a)(2)(D), 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); see also Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006).  Here, petitioners do not raise any constitutional or legal issues with respect to the denial of Moran's request for cancellation of removal.  Therefore, we dismiss the petition for review to the extent it challenges the denial of Moran's application for cancellation of removal.

_____

[4]Petitioners' appellate briefs made only a passing reference to the denial of CAT relief and did not offer any substantive argument as to that issue.  Accordingly, that claim is deemed abandoned.  See Sepulveda, 401 F.3d at 1228 n.2.

**PETITION DENIED IN PART, DISMISSED IN PART.**