**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2079**

YU HUA ZHENG,

    Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 18, 2014   Decided: February 25, 2014

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Zhiyuan Qian, LAW OFFICES OF GERALD KARIKARI, P.C., New York, New York, for Petitioner. Stuart F. Delery, Assistant Attorney General, William C. Peachey, Assistant Director, Jonathan Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yu Hua Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his application for cancellation of removal under 8 U.S.C. § 1229b (2012). We dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." See Sorcia v. Holder, 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claim or question of law).

Here, the immigration judge found, and the Board agreed, that Zheng failed to meet his burden of establishing that his United States citizen wife and two children would suffer an exceptional and extremely unusual hardship if he is removed to China.

"[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction." Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003); see, e.g., Barco-Sandoval v. Gonzales, 516 F.3d 35, 36 (2d Cir. 2008); Memije v. Gonzales, 481 F.3d 1163, 1164 (9th Cir. 2007);

2

Martinez v. Attorney Gen., 446 F.3d 1219, 1221-22 (11th Cir. 2006); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."). Indeed, this court has concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001). Nevertheless, we retain jurisdiction to review colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D); Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009).

We have reviewed Zheng's claims of error and conclude that he fails to raise a constitutional claim or a question of law regarding the dispositive finding that he did not establish that his removal would be an exceptional and extremely unusual hardship. Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

3