[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15345
Non-Argument Calendar
_____

Agency No. A087-578-230


ANGEL ALPIZAR SANCHEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 28, 2017)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

Angel Alpizar Sanchez petitions this Court for review of the Board of Immigration Appeals's ("BIA") denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).  After careful consideration, we deny his petition for review.[1]

I.

Sanchez is a native and citizen of Mexico.  In 1998, he came to the United States unlawfully.  Over a decade later, the Department of Homeland Security served Sanchez with a Notice to Appear that charged him with removability under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i).  At a hearing before an Immigration Judge ("IJ"), Sanchez conceded the charge of removability but requested cancellation of removal under § 1229b(b)(1).  That statute gives the Attorney General discretion to cancel the removal of an alien who demonstrates, among other things, that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative.  Id. § 1229b(b)(1)(D); see Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006).  The IJ denied his application for cancellation of removal.  The IJ found Sanchez failed to show that his removal would result in "exceptional and extremely unusual hardship" to his family.

---

[1] We also deny Sanchez's motion for initial en banc hearing.

2

The BIA then affirmed the IJ's decision.  It acknowledged that Sanchez's "removal would adversely affect his family," but found that "the level of hardship falls short of the exceptional and extremely unusual standard" set out in § 1229b(b)(1).  Sanchez now petitions for review in this Court.

## II.

Under the INA, this Court does not have jurisdiction to review the BIA's denial of discretionary relief in immigration proceedings, including its denial of an application for cancellation of removal.  8 U.S.C. § 1252(a)(2)(B)(i).  In Martinez, we held that this jurisdictional bar precludes our review of the BIA's determination that an applicant has failed to satisfy the "exceptional and extremely unusual hardship" requirement of § 1229b(b)(1).  446 F.3d at 1222–23.  Sanchez acknowledges our decision in Martinez but argues it was wrongly decided. However, we are bound by Martinez under our prior panel precedent rule "unless and until it is overruled by this court en banc or by the Supreme Court."  United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003).  We therefore do not have jurisdiction to review the BIA's discretionary determination that Sanchez did not meet the hardship standard for cancellation of removal.  See Martinez, 446 F.3d at 1222–23.

Despite the jurisdictional bar in § 1252(a)(2)(B), we retain jurisdiction to review "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D).

3

Sanchez argues the IJ made factual errors that are "sufficiently severe to []

constitute reviewable errors of law."  More specifically, he says the IJ considered

facts outside the record; overlooked Sanchez's inability to immigrate in the

foreseeable future; and discounted the significance of his wife's inability to

immigrate in the foreseeable future.  However, Sanchez never presented these

arguments to the BIA, and "we lack jurisdiction to consider claims that have not

been raised before the BIA."  Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir.

2003); see also 8 U.S.C. § 1252(d)(1) ("A court may review a final order of

removal only if . . . the alien has exhausted all administrative remedies available to

the alien as of right.").  Therefore, we lack jurisdiction to consider Sanchez's

purported legal claims.

     **PETITION DISMISSED.**