[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16740
_____

BIA No. A79-414-560

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 21, 2006
THOMAS K. KAHN
CLERK

JOSE FELIX MARTINEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals
_____

**(April 21, 2006)**

Before BLACK, BARKETT and COX, Circuit Judges.

BLACK, Circuit Judge:

Petitioner Jose Felix Martinez petitions for review of the Board of Immigration Appeals' (BIA's) affirmance of the Immigration Judge's (IJ's) order denying his application for cancellation of removal, pursuant to 8 U.S.C. § 1229b(b). Specifically, he challenges the BIA's discretionary determination that he failed to satisfy § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" requirement. We dismiss the petition for lack of jurisdiction.

## I. BACKGROUND

The following facts are not in dispute. Petitioner is a native and citizen of Mexico who entered the United States without inspection in 1989. His two children—Jose Felix, who was born in January 1992, and Carlos Martinez, who was born in January 1996—are U.S. citizens. Both children live with Petitioner.

On August 22, 2001, the former Immigration and Naturalization Service (INS)[1] issued Petitioner a Notice to Appear, alleging he is an alien present in the United States without being admitted or paroled, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). At his hearing, Petitioner conceded removability under § 1182(a)(6)(A)(i), but requested cancellation of removal pursuant to § 1229b(b). The IJ denied his application for cancellation of removal on October 29, 2003,

---

[1] On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 (HSA), Pub. L. No. 107-296, 116 Stat. 2135, which established the Department of Homeland Security (DHS), abolished the INS, and transferred the INS's functions to the DHS.

holding Petitioner failed to demonstrate his removal would result in "exceptional and extremely unusual hardship" to his two U.S. citizen children, pursuant to § 1229b(b)(1)(D).[2]

Petitioner timely appealed the IJ's decision to the BIA. In a written opinion, the BIA dismissed the appeal on December 8, 2004, expressly agreeing with the IJ that Petitioner did not demonstrate his two U.S. citizen children would suffer "exceptional and extremely unusual hardship" upon his removal to Mexico. This petition for review ensued.

## II. STANDARD OF REVIEW

"We review subject matter jurisdiction *de novo*." *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

## III. ANALYSIS

The issue of first impression we address is whether 8 U.S.C. § 1252(a)(2)(D) restores our ability to review the BIA's purely discretionary determination that a petitioner failed to satisfy § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" requirement.

---

[2] The IJ also determined Petitioner failed to satisfy § 1229b(b)(1)(B)'s "good moral character" requirement. On appeal, the BIA expressly declined to address this alternative holding. Therefore, the IJ's "good moral character" decision is not an issue in this petition for review.

Section 1229b(b)(1) gives the Attorney General discretion to cancel the removal of an alien who demonstrates (1) continuous physical presence in the United States of at least 10 years preceding the date of application; (2) good moral character during that period; (3) a lack of certain criminal convictions; and (4) exceptional and extremely unusual hardship to his or her spouse, parent, or child, who is a U.S. citizen or permanent resident. Petitioner contends the BIA erred when it affirmed the IJ's decision, pursuant to § 1229b(b)(1)(D), that his two U.S. citizen children would not suffer "exceptional and extremely unusual hardship" upon his removal to Mexico.

Section 1252(a)(2)(B)(i) prevents us from exercising jurisdiction over the BIA's "judgment[s] regarding the granting of relief under section . . . 1229b." In *Gonzalez-Oropeza*, we underscored § 1252(a)(2)(B)(i)'s impact on our jurisdiction, stating the BIA's § 1229b(b)(1)(D) "exceptional and extremely unusual hardship determination is a discretionary decision not subject to review." 321 F.3d at 1333. Our precedent thus squarely precludes us from reviewing the BIA's conclusion that a petitioner has not met § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" standard.

We cannot end our analysis here, however, because the REAL ID Act of 2005, which President Bush signed into law on May 11, 2005, restored our ability

4

to review certain aspects of the BIA's final removal orders. *See* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Specifically, § 106(a)(1)(A)(ii) of the REAL ID Act amended § 1252 by adding a new provision, § 1252(a)(2)(D), which provides in relevant part:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Section 1252(a)(2)(D) applies to all appeals from removal orders "issued before, on, or after the date of the [REAL ID Act's May 11, 2005,] enactment." *See* Pub. L. No. 109-13, § 106(b), 119 Stat. 231, 311. Accordingly, we must determine what impact, if any, § 1252(a)(2)(D) has on our inability to review the BIA's discretionary determinations under § 1229b(b)(1)(D).

Although this petition presents an issue of first impression in our circuit, we have analogous case law. In *Chacon-Botero v. U.S. Attorney General*, we considered whether § 1252(a)(2)(D) empowers us to review the BIA's discretionary decision about the timeliness of an asylum application under 8 U.S.C. § 1158(a)(2). 427 F.3d 954, 956–57 (11th Cir. 2005). We had previously held that § 1158(a)(3) prevents us from reviewing the BIA's discretionary decisions about the timeliness of an asylum application. *See Mendoza v. U.S. Att'y*

5

*Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003); *see also* § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General [regarding the timeliness of an asylum application]."). Given Congress's enactment of § 1252(a)(2)(D), however, we reconsidered the scope of § 1158(a)(3)'s jurisdictional bar. After acknowledging § 1252(a)(2)(D) enables judicial review of a petitioner's constitutional claims and questions of law, we concluded the BIA's "'discretionary or factual determinations continue to fall outside [our] jurisdiction.'" *See Chacon-Botero*, 427 F.3d at 957 (quoting *Vasile v. Gonzales*, 417 F.3d 766, 678 (7th Cir. 2005)). Because the petitioner challenged the BIA's discretionary decision under § 1158(a)(2)—but did not raise constitutional claims or questions of law—we relied on § 1158(a)(3) and *Mendoza* to dismiss his petition for lack of jurisdiction.

Similarly, Petitioner asks us to review the BIA's discretionary determination that he failed to establish § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" requirement; he does not, however, raise constitutional claims or questions of law.[3] Applying § 1252(a)(2)(B)(i), *Gonzalez-Oropeza*, and *Chacon-Botero*, we hold his petition for review continues to fall outside our jurisdiction.

---

[3] Before the BIA, Petitioner argued the IJ violated his procedural due process rights by failing to act as an impartial and neutral fact-finder. The BIA rejected his procedural due process argument, however, and Petitioner does not challenge this holding in his petition for review.

In reaching this holding, we join at least four other circuits, which have concluded § 1252(a)(2)(D) does not restore the federal courts' ability to review the BIA's § 1229b(b)(1)(D) "exceptional and extremely unusual hardship" determinations. *See Meraz-Reyes v. Gonzales*, 436 F.3d 842, 843 (8th Cir. 2006); *De La Vega v. Gonzales*, 436 F.3d 141, 146 (2d Cir. 2006); *Mireles v. Gonzales*, 433 F.3d 965, 968–69 (7th Cir. 2006); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir. 2005).[4] We accordingly dismiss the petition for lack of jurisdiction.

## IV. CONCLUSION

Notwithstanding Congress's enactment of § 1252(a)(2)(D), we continue to lack jurisdiction over the BIA's purely discretionary decision that a petitioner did not meet § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" standard.

PETITION DISMISSED.

---

[4] The First Circuit has also dismissed for lack of jurisdiction a petitioner's post-REAL-ID-Act challenge to the BIA's § 1229b(b)(1)(D) "exceptional and extremely unusual hardship" determination. *See Bencosme de Rodriguez v. Gonzales*, 433 F.3d 163, 164 (1st Cir. 2005). In doing so, however, the First Circuit did not expressly address the relationship between § 1252(a)(2)(D), § 1252(a)(2)(B)(i), and the BIA's discretionary decisions under § 1229b(b)(1)(D).