[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15543
Non-Argument Calendar
_____

BIA No. A70-684-331

PEDRO ARZANI,

                                                          Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 29, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Pedro Arzani petitions for review of a final order of the Board of Immigration Appeals ("BIA") dismissing Arzani's appeal of the decision of the Immigration Judge ("IJ") denying Arzani's application for cancellation of removal. After review, we affirm.

## I. BACKGROUND

On March 15, 1988, Arzani, a native and citizen of Peru, was admitted into the United States as a nonimmigrant visitor with authorization to stay until May 21, 1988. In 1998, the Immigration and Naturalization Service served Arzani with a Notice to Appear, charging Arzani with being subject to removal for having overstayed his visa.

Arzani conceded removability and filed an application for cancellation of removal. The Attorney General has the discretion to cancel the removal of an alien who demonstrates: (1) continuous physical presence in the United States for the ten years preceding the application; (2) good moral character during that ten-year period; (3) that he has not been convicted of a crime involving moral turpitude or a controlled substance offense; and (4) exceptional and extremely unusual hardship to the alien's spouse, parent or child, who is a United States citizen or lawful permanent resident. See 8 U.S.C. § 1229b(b)(1)(A)-(D).

Arzani's application stated that his removal would constitute an exceptional and extremely unusual hardship to his parents. Attached to Arzani's application

2

were criminal records from the State of Florida. These records indicated, among other things, that Arzani had pled guilty to grand theft in the third degree on July 28, 1998.

The government filed a motion to pretermit Arzani's application for cancellation of removal. The government argued that Arzani's grand theft conviction was a crime of moral turpitude that made Arzani statutorily ineligible for the requested relief. After a hearing, the IJ pretermitted and denied Arzani's application.

In his oral decision, the IJ found that, even if Arzani's conviction did not preclude him from obtaining cancellation of removal as a matter of statutory eligibility, Arzani's conviction indicated that he could not show good moral character. The IJ also found that Arzani had failed to carry his burden of proof with regard to a "qualifying relative," given that his mother had not appeared at the hearing to testify. Finally, the IJ found that Arzani had failed to submit his fingerprints, which were especially important given Arzani's criminal record. See 8 C.F.R. § 103.2(b)(13), (e) (explaining that, if a petitioner fails to appear for fingerprinting, the petition for an immigration benefit will be deemed abandoned and will be denied). The IJ ordered Arzani removed to Peru.

Arzani appealed to the BIA, arguing that he had demonstrated good moral character despite his grand theft conviction. The BIA dismissed Arzani's appeal,

3

concluding that Arzani had failed to demonstrate good moral character. In addition, the BIA found that Arzani had "failed to put forth any cogent argument to challenge the Immigration Judge's finding that no exceptional and extremely unusual hardship to a qualifying relative has been shown, nor has [Arzani] challenged the finding that he failed to submit the required fingerprint cards to properly file his claim." Thus, the BIA upheld the denial of Arzani's application for these additional reasons.

Arzani filed this petition for review.

## II. DISCUSSION

On appeal, Arzani argues that the BIA erred in affirming the IJ's finding that he lacked good moral character. However, even assuming arguendo that Arzani could prevail on this argument, he would not be entitled to relief.

To be eligible for cancellation of removal, Arzani had to satisfy all the requirements of 8 U.S.C. § 1229b(b)(1). The BIA and the IJ denied Arzani's application for cancellation of removal not only because he failed to demonstrate good moral character, but also because he failed to (1) demonstrate that his mother would suffer an exceptional and extremely unusual hardship if he was removed, and (2) comply with the requirement to provide current fingerprints.

In his petition for review, Arzani does not challenge these independent, discretionary bases for denying his application for cancellation of removal.

4

Furthermore, even if Arzani had challenged them, we would not have had jurisdiction to review these discretionary decisions. See 8 U.S.C. § 1252(a)(2)(B) (precluding judicial review of certain discretionary denials of relief); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1222-23 (11th Cir. 2006) (concluding that, both before and after enactment of the Real ID Act, this Court lacks jurisdiction to review the BIA's purely discretionary determination that an alien failed to satisfy § 1229b(b)(1)(D)'s "exceptional and extremely unusual hardship" requirement).

To the extent Arzani's argument raises a procedural due process claim based on the IJ's alleged failure to consider evidence and state what evidence supports his determination, we do not address it because Arzani failed to exhaust his administrative remedies by raising this due process issue before the BIA, which could have provided a remedy. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).

**PETITION DENIED.**