[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11137
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

Agency No. A73-603-921


MAIMUNA JALLOW,
a.k.a. Mimuna Jack,

                                                                    Petitioner,


versus


U.S. ATTORNEY GENERAL,

                                                                    Respondent.



_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 2, 2009)


Before EDMONDSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Petitioner Maimuna Jallow ("Petitioner"), a Gambian citizen, asks this Court to review an order of the Board of Immigration Appeals' ("BIA") finding Petitioner not credible and not eligible for withholding of removal. Petitioner also asks this court to review the BIA order denying cancellation of removal. No reversible error has been shown; we affirm.

Petitioner arrived in the United States in 1988 as a non-immigrant visitor and filed an application seeking asylum and withholding of removal in 2005. Petitioner contended that her husband's native tribe practices Female Genital Mutilation ("FGM") and that she and her daughters would be subjected to FGM if they return to The Gambia.

Petitioner submitted several government reports describing FGM in The Gambia, but these reports did not establish that Petitioner and her daughters would more likely than not suffer FGM in The Gambia. Petitioner also submitted her daughters' birth certificates. Two of the girls' birth certificates inaccurately indicated that Petitioner was born in the U.S. Virgin Islands. The IJ found that, in addition to claiming inaccurately United States citizenship on these birth certificates, Petitioner misrepresented the likelihood that she and her daughters would suffer FGM: Petitioner's husband opposes FGM, Petitioner and her eldest

2

daughter lived in The Gambia previously and did not suffer FGM, and Petitioner did not provide independent corroboration of her and her husband's tribal affiliation. Because of these factors as well as others, the IJ found Petitioner not credible.

The IJ denied withholding of removal and found Petitioner ineligible for cancellation of removal because she was not credible and had not shown that her U.S. citizen daughters would suffer exceptional and extremely unusual hardship in The Gambia. Petitioner appealed, and the BIA affirmed the IJ with its own decision. Petitioner now asks this Court to review the decisions of BIA and IJ.

Eligibility for Withholding of Removal: Adverse Credibility Finding

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA issued its own decision, here we review the BIA's decision. We review the BIA's legal determinations de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review the BIA's factual determinations under the substantial evidence test, which requires us to view the record "in the light most favorable to the agency's decision and draw all reasonable inferences in

3

favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed, 388 F.3d at 818 (quotation omitted). To reverse the BIA's fact finding, "we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). If the BIA doubts the credibility of the applicant on key elements of the claim and the applicant fails to rebut these concerns with sufficient corroborating evidence, the BIA may deny asylum. See Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1369 (11th Cir. 2005).

Petitioner argues that she provided adequate explanations to overcome inconsistencies in the record and that the IJ and BIA erred in finding that she needed to produce documentary evidence of her tribal affiliation to support her claim that it was more likely than not that she would be persecuted.

The BIA gave several specific examples of discrepancies supporting its adverse credibility finding, including that Petitioner inaccurately filled out her daughters' birth certificates to indicate that Petitioner was born in the U.S. Virgin Islands and thus a United States citizen. These inaccuracies raised concern that her assertions about her tribal background were also inaccurate.

Inconsistent and weak testimony by an applicant creates a greater need for corroborating evidence. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Here, the petitioner failed to provide the BIA with corroborating evidence sufficient to overcome the BIA's concerns about her credibility. When considered in the context of our deferential standard of review, we conclude that Petitioner has failed to establish that the record compels reversal of the BIA's credibility determination. Accordingly, we deny the petition as to this claim.

Eligibility for Cancellation of Removal

We review our subject matter jurisdiction de novo. Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006). Under 8 U.S.C. § 1229b, the Attorney General may cancel removal of a nonpermanent resident who meets certain requirements, including establishing that removal would result in "exceptional and extremely unusual hardship to the alien's [U.S. citizen] spouse, parent, or child." 8 U.S.C. § 1229b(b)(1). But we do not have jurisdiction to review the denial of relief under 1229b, except in appeals rasing constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). The BIA's "exceptional and

extremely unusual hardship determination is a discretionary decision not subject to review." Martinez, 446 F.3d at 1221 (quotations omitted).

Because Petitioner raised no constitutional claim or question of law on appeal, we do not have jurisdiction to review the agency's denial of cancellation of removal. Accordingly, we dismiss the petition on this issue.

AFFIRMED. DISMISSED in PART.