[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2010
JOHN LEY
CLERK

No. 09-13965
Non-Argument Calendar
_____

Agency No. A070-793-162

JOSE PEDRO JUAN,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 23, 2010)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Jose Pedro Juan petitions this Court for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the Immigration Judge's (IJ) denial of his application for cancellation of removal, and its dismissal of his claims of ineffective assistance of counsel at his removal hearing. On appeal, Juan argues (1) the BIA and IJ erred in denying his application for cancellation of removal, and (2) he received ineffective assistance of counsel before the IJ. After review, we dismiss Juan's petition in part and deny in part.

I.

Juan argues the BIA erred in affirming the IJ's decision finding his children would not suffer exceptional and unusually extreme hardship by returning to Guatemala or being left in the United States.

We review our subject matter jurisdiction *de novo*. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).

The Attorney General may cancel removal of an alien if the alien establishes "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Under 8 U.S.C. § 1252(a)(2)(B), which specifies matters not subject to judicial review concerning discretionary relief, "no court shall have jurisdiction to review . . . (i) any judgment regarding the granting of relief under section . . . 1229b . . . ." Thus, we lack

jurisdiction to review the BIA's "exceptional and extremely unusual hardship" determinations. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222 (11th Cir. 2006).

Subsequent to our holding in *Martinez*, the Supreme Court considered whether federal courts retained jurisdiction to review discretionary decisions by the BIA in denying motions to reopen, and noted judicial review was barred on matters where the Attorney General was given discretion under statute. *Kucana v. Holder*, 130 S. Ct. 827, 837 (2010). The Supreme Court stated courts retained jurisdiction where discretion was granted by regulation, distinguishing between "decisions specified by statute 'to be in the discretion of the Attorney General,' and therefore shielded from court oversight," and those "made discretionary by regulation," including motions to reopen. *Id*. Notably, the Court referenced § 1229b as one of the statutory provisions entrusted by statute to the discretion of the Attorney General. *Id*. at 836.

We lack jurisdiction to review the denial of Juan's application for cancellation of removal. *Martinez*, 446 F.3d at 1222; 8 U.S.C. § 1252(a)(2)(B). The Supreme Court's holding in *Kucana* does not change this result, but rather affirms our interpretation by noting § 1229b is one provision explicitly entrusted to the discretion of the Attorney General by statute and barred from judicial review. *Kucana*, 130 S. Ct. at 829, 832, 836.

3

II.

Juan contends he received ineffective assistance of counsel before the IJ because his attorney failed to present evidence to support his arguments.

Where represented by counsel, aliens are entitled to effective assistance of counsel under the Fifth Amendment's due process clause. *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999) (deportation). "[A]n alien must establish that his or her counsel's performance was deficient to the point that it impinged the 'fundamental fairness' of the hearing." *Id.* However, "an attorney's deficient representation does not deprive an alien of due process if the deficient representation merely prevents the alien from being eligible for suspension of deportation." *Id.* at 1148. We have held the same rationale applied in precluding relief in applications for cancellation of removal. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1250-51 (11th Cir. 2001).

Because cancellation of removal is discretionary by statute, we cannot grant relief for ineffective assistance of counsel. *Mejia Rodriguez*, 178 F.3d at 1148; *Mohammed*, 261 F.3d at 1250-51. Even assuming Juan had a constitutional right to discretionary relief from removal, he cannot establish his counsel's performance prejudiced him.

**DISMISSED IN PART, DENIED IN PART.**