[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2011
JOHN LEY
CLERK

No. 10-14968
Non-Argument Calendar
_____

Agency No. A089-255-535


HONG TUAN LIN,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 3, 2011)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Hong Tuan Lin, a native and citizen of China, seeks review of the Board of Immigration Appeals's (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), and cancellation of removal. After a thorough review of the record, we dismiss the petition in part and deny it in part.

Lin entered the United States in 1998. In 2008, he applied for asylum and CAT relief based on his political opinion.[1] The Department of Homeland Security then issued a notice to appear, charging him as removable because he was an alien present in the United States without having been admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i).

According to Lin's application for relief from removal, Lin and his father operated a construction company and were targeted by corrupt local officials in connection with a construction project. They were forced to pay kickbacks to the officials to keep construction contracts and pass inspections or else face arrest. In 1997 Lin's father had been thrown in jail and Lin had gone into hiding before coming to the United States.

---

[1] Because Lin filed his application after May 11, 2005, he is subject to the REAL ID Act. *See* Pub. L. No. 109-13, 119 Stat. 302.

Lin later sought cancellation of removal in addition to the other forms of relief previously requested.  In his application, he indicated that he had married in 2002 and his wife was a lawful permanent resident.  They had since had a child who was a United States citizen.  Lin explained that his removal would cause a hardship to his wife and son because his wife was sick and could not work or care for the child alone.  Lin indicated that there was no family in the United States that could help and his son would not be able to register if returned to China because the son was a United States citizen.

The IJ denied relief, finding the asylum application untimely and that Lin had not shown changed or extraordinary circumstances to enable him to avoid this bar.  Nevertheless, the IJ considered the merits of Lin's application and concluded that Lin's testimony lacked credibility and that there was no evidence that the alleged persecution was tied to a protected ground.  Based on these findings, the IJ also found that Lin failed to establish eligibility for withholding of removal or CAT relief.  Finally, the IJ denied the requested cancellation of removal because Lin had not shown continuous presence in the United States or that his removal would constitute an exceptional and extremely unusual hardship to his wife or son.

In his appeal to the BIA, Lin argued that he was eligible for withholding of removal and that his removal would cause an exceptional and extremely unusual

3

hardship to his family. He also challenged the IJ's timeliness finding on his request for asylum, the IJ's findings on the exceptions to the one-year bar, and the adverse credibility determination. He did not mention the IJ's finding as to CAT relief or to the continuous presence requirement for cancellation of removal.

The BIA affirmed the IJ's order, adopting the IJ's decision and adding its own analysis. The BIA found that the asylum application was untimely and that Lin had not established past persecution or a well-founded fear of future persecution in light of his incredible testimony. The BIA also affirmed the IJ's finding as to CAT relief and the denial of cancellation of removal.

In his petition for review, Lin argues that the IJ and BIA erred by denying him asylum and withholding of removal because he established past persecution on account of his political opinion or imputed political opinion and a well-founded fear of future persecution because the authorities have continued to look for him since he left China. Lin also argues that he is entitled to CAT relief because he would more likely than not be tortured if returned to China. Finally, Lin asserts that he merits cancellation of removal because he conclusively established that he had been in the United States for over ten years, and his removal would result in exceptional and extremely unusual hardship to his wife and son.

Preliminarily, we lack jurisdiction to review the BIA's denial of asylum as untimely. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005). We also lack jurisdiction to consider Lin's CAT claim because Lin failed to exhaust administrative remedies with respect to this issue by failing to raise this argument in his appeal before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006). Finally, the BIA's conclusion that Lin had not demonstrated exceptional and extremely unusual hardship in order to qualify for cancellation of removal is a discretionary determination that is beyond the scope of our jurisdiction. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222-23 (11th Cir. 2006). Accordingly, we dismiss these portions of Lin's petition for review.

Concerning the remaining claim for withholding of removal, we "review the decision of the Board, and [also] review the decision of the Immigration Judge to the extent that the Board expressly adopted the opinion of the Immigration Judge." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Because the BIA expressly adopted the IJ's decision in this case, we review both opinions. *Id.*

We assess an agency's factual determination that an alien is ineligible for withholding of removal under a highly deferential substantial evidence test.

5

*Imelda v. U.S. Att'y Gen.*, 611 F.3d 724, 727 (11th Cir. 2010). We view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). Accordingly, to reverse a factual determination on appeal, the record must not only permit another interpretation of the evidence, but compel it. *Id.* When an IJ makes an adverse credibility finding, the petitioner has the burden to show that the credibility determination "was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). Like any other factual finding, a credibility determination "may not be overturned unless the record compels it." *Id.*

To qualify for withholding of removal, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). This burden requires the alien to demonstrate that he would more likely than not be persecuted if returned to the country of deportation. *Imelda*, 611 F.3d at 728. Evidence of past persecution on account of a protected ground creates a presumption that an alien's life or freedom would be threatened upon return to his country. *Id.*; 8 C.F.R. § 208.16(b)(1)(i). If the alien does not

establish past persecution, he bears the burden of showing a clear probability that: (1) he personally would be persecuted in the future on account of one of the five enumerated grounds; and (2) he could not avoid this future threat to his life or freedom by relocating, if under all the circumstances it would be reasonable to expect relocation. *See* 8 C.F.R. § 208.16(b)(2).

In this case, substantial evidence supports the IJ's adverse credibility determination. The IJ pointed to specific inconsistencies in the asylum application, Lin's testimony at the removal hearing, and the documentary evidence submitted as the basis for the adverse credibility finding. After reviewing this evidence, we conclude that the record here does not compel us to overturn the adverse credibility finding. In light of this, Lin has not met his burden of proving past persecution or a clear likelihood of future persecution.

Furthermore, even if we were to accept his allegations, the record does not compel the conclusion that Lin is entitled to withholding of removal because he failed to show that alleged persecution was on account of a protected ground. We therefore deny this portion of the petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**