[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15618
Non-Argument Calendar
_____

Agency No. A202-072-118

JENNY KARINA ALVAREZ-ERAZO,
ANI ALEXANDRA SANTOS-ALVAREZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 20, 2018)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jenny Karina Alvarez Erazo, and her daughter, Ani Alexandra Santos Alvarez, petition for review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of Alvarez Erazo's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). The IJ and BIA concluded that Alvarez Erazo was not credible, and, alternatively, had not otherwise established eligibility for asylum, withholding of removal or CAT relief.

I.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 966-67 (11th Cir. 2012). When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). If the BIA declines to address an IJ's alternative basis for a conclusion, the alternative basis is not an issue before us. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1220 n.2 (11th Cir. 2006).

Here, the BIA did not adopt the IJ's decision in full. Rather, the BIA agreed with the IJ's credibility determination on certain grounds and the alternative asylum eligibility determination on certain grounds, but also held, even if Alvarez

Erazo's testimony was credible, her application for asylum, withholding of removal, and CAT relief should be denied for the alternative reasons found by the IJ.  Thus, we review only the BIA's decision except insofar as it agreed with the IJ's findings that: (1) Alvarez Erazo did not show eligibility for asylum because she did not show that she was persecuted or had a reasonably objective fear of future persecution; and (2) Alvarez Erazo did not show eligibility for withholding of removal or CAT relief.  Because we agree with the BIA that Alvarez Erazo failed to show eligibility for asylum, withholding of removal, or CAT relief, we decline to address its credibility finding and assume arguendo that she was credible.

We review factual determinations under the substantial-evidence test.  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006).  We must affirm the decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.  *Id.*  We view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision.  *Id.* at 1255.  Accordingly, for us to conclude that a finding of fact should be reversed, we must determine that the record compels reversal.  *Id.*

An applicant for asylum must meet the Immigration and Nationality Act's ("INA") definition of a refugee.  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  The definition of "refugee" includes:

3

> any person who is outside any country of such person's nationality . . .
> and who is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,
> religion, nationality, membership in a particular social group, or
> political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  Thus, to meet the definition of a

refugee, the applicant must, with specific and credible evidence, demonstrate:

(1) past persecution on account of a statutorily listed factor or (2) a well-founded

fear that the statutorily listed factor will cause future persecution.  *Ruiz*, 440 F.3d at

1257.

An applicant's testimony, if credible, may be sufficient to sustain his burden

of proof, without corroborating evidence.  *Id.* at 1255.  Conversely, if the applicant

relies solely on his testimony, an adverse-credibility determination may alone be

sufficient to support the denial of an application.  *Forgue v. U.S. Att'y Gen.*, 401

F.3d 1282, 1287 (11th Cir. 2005).  However, if the applicant produces other

evidence of persecution, the IJ must consider that evidence, and may not rely

solely on an adverse-credibility determination.  *Id.*

To meet the definition of a refugee, the applicant must, with specific and

credible evidence, demonstrate (1) past persecution on account of a statutorily

listed factor, or (2) a well-founded fear that the statutorily listed factor will cause

future persecution.  *Ruiz*, 440 F.3d at 1257.  To establish asylum based on past

persecution, the applicant must prove (1) that she was persecuted, and (2) that the

4

persecution was on account of a protected ground.  *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006).  We have indicated that persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and mere harassment does not amount to persecution.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005).

A well-founded fear may be established by showing (1) past persecution that creates a presumption of a "well-founded fear" of future persecution, (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part.  8 C.F.R § 208.13(b)(1), (2), (3)(i).  To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground.  *Silva*, 448 F.3d at 1236.

To obtain withholding of removal, an alien must show past persecution or a clear probability of future persecution on account of a protected ground.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).  In other words, the alien must show that it is more likely than not he or she will be persecuted, which is a more stringent standard than the well-founded fear standard for asylum.  *Id.*

Under the CAT, the applicant for relief bears the burden of proving that it is more likely than not that she would be tortured if removed to the proposed country of removal.  8 C.F.R. § 208.16(c).  "Torture" is defined as an act instigated by or with the consent of a public official that intentionally inflicts severe pain or suffering for any reason based on discrimination of any kind.  *Id*. § 208.18(a)(1). If an applicant fails to establish a claim of asylum on the merits, she is generally precluded from establishing eligibility for withholding of removal or CAT relief. *Najjar v. Ashcroft*, 257 F.3d 1262, 1292-93 (11th Cir. 2001).

The record does not compel reversal of the BIA and IJ's determination that Alvarez Erazo did not establish eligibility for asylum.  Substantial evidence supports the IJ and BIA's determination that Alvarez Erazo failed to establish past persecution because her experience of receiving one threatening note from MS-13 was not extreme enough to rise to the level of persecution.  Additionally, substantial evidence supports the IJ and BIA's determination that Alvarez Erazo did not have a well-founded fear of future persecution from MS-13 if she returned to Honduras because: (1) her subjectively genuine fear of future persecution was not objectively reasonable, given that she continued to live in the home where she received the threat for 14 months without any further threat or harm, and her family had safely resided in the home since her departure from Honduras; and (2)  the evidence did not establish that there was a pattern or practice of

6

persecution in Honduras against immediate family members of MS-13 affiliates. For the same reasons, the record does not compel a conclusion that Alvarez Erazo established her eligibility for withholding of removal.  Finally, substantial evidence supports the IJ and BIA's conclusion that Alvarez Erazo did not establish eligibility for CAT relief because the evidence did not show that her feared future torture would be with the consent or acquiescence of a public official. Accordingly, nothing in the record compels the reversal of the BIA's affirmance.

**PETITION DENIED.**