[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13163
Non-Argument Calendar
_____

Agency No. A200-321-570

JAMES MUNGAI MUIRURI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 2, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

James Mungai Muiruri, a native and citizen of Kenya, appeals the Board of Immigration Appeals' ("BIA") denial of his application for cancellation of removal. He argues the BIA erred when it found he did not demonstrate that his removal would result in exceptional and extremely unusual hardship to his qualifying children. After careful consideration, we dismiss his petition for review for lack of jurisdiction.

## I.

Muiruri entered the United States on August 13, 1997 on an F-1 student visa to attend Georgia College and State University. He continued to remain in the country after his student visa expired on July 22, 2002, earning an Associate of Arts degree from Atlanta Metropolitan College in 2004. He has two daughters, both of whom were born in the United States.

On April 29, 2011, the Department of Homeland Security ("DHS") served Muiruri with a Notice to Appear ("NTA"). The NTA charged Muiruri with removability under 8 U.S.C. § 1182(a)(6)(C)(i) for procuring or seeking to procure "a visa, other documentation, or admission into the United States or other benefit provided under [the INA]" by fraud or willful misrepresentation. On May 3, 2012, Muiruri filed an application for cancellation of removal and adjustment of status as relief from removal. One day later, DHS amended Muiruri's NTA to include additional charges for failing to comply with the conditions of his student visa and

remaining in this country for a time longer than permitted.  The government later withdrew its section 1182(a)(6)(C)(i) charge.

At an initial hearing, Muiruri, through counsel, conceded removability on the remaining two charges.  He testified at a second hearing held on December 10, 2015 that his daughters, at the time ages five and ten, lived with him in a house he purchased in 2003.  He explained that his children "solely depend" on him and his health insurance, and that his older child suffered from peanut allergies, for which she was prescribed an EpiPen.  Muiruri additionally testified that both his parents and two of his siblings still reside in Kenya, but that he was unwilling to move his daughters from the United States because that would disrupt their lives.  He stated that if he were removed, he would leave his daughters in the care of their mother, whom he divorced in 2008.

The IJ denied Muiruri's application for cancellation of removal on September 5, 2017.  Specifically, the IJ found Muiruri failed to demonstrate his removal would result in exceptional hardship to his daughters—a prerequisite for granting cancellation of removal under 8 U.S.C. § 1229b(b).  The IJ found in the alternative that even if Muiruri had demonstrated exceptional hardship, cancellation of removal would be unwarranted "as a matter of discretion," because there was evidence Muiruri entered into a second marriage for the sole purpose of "influencing his immigration situation."

3

On appeal, the BIA agreed Muiruri failed to establish "that his removal will result in exceptional and extremely unusual hardship to his children."  The BIA therefore dismissed his appeal.  Muiruri timely petitioned this Court for review.

## II.

Muiruri's sole argument is that the BIA erroneously discounted the seriousness of his daughter's peanut allergy in finding his removal would not result in exceptional and extremely unusual hardship.  The government responds that we are without jurisdiction to entertain his petition.

"We review subject matter jurisdiction de novo."  Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006) (quotation marks omitted).  It is well-established that this Court's precedent "squarely precludes us from reviewing the BIA's conclusion that a petitioner has not met § 1229b(b)(1)(D)'s 'exceptional and extremely unusual hardship' standard" absent legal or constitutional claims.  Id.; see also 8 U.S.C. § 1252(a)(2)(D).  Because Muiruri's petition for review raises neither constitutional claims nor questions of law, "his petition for review continues to fall outside our jurisdiction."  Martinez, 446 F.3d at 1222.

**PETITION DISMISSED.**

4