[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14727
Non-Argument Calendar
_____

Agency No. A095-795-089

MAURICIO MENDOZA HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 7, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and ANDERSON, Circuit
Judges.

PER CURIAM:

Mauricio Hernandez, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") final order that dismissed his appeal. Hernandez argues that the BIA erred in when it affirmed the Immigration Judge's ("IJ") order denying his application for cancellation of removal filed pursuant to Immigration and Nationality Act ("INA") § 240A(b), 8 U.S.C. § 1229b(b). Specifically, he argues that the BIA erred when it agreed with the IJ's determination that he had not established that his children would endure an exceptional and extremely unusual hardship if he were removed to Mexico.

We review our subject matter jurisdiction *de novo*. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006). To be eligible for cancellation of removal, a nonpermanent resident alien must establish all of the following: (1) he has been physically present in the United States for at least 10 years; (2) he has been a "person of good moral character" for that period; (3) he has not been convicted of certain criminal offenses; and (4) his removal would result in "exceptional and extremely unusual hardship" to his spouse, parent, or child, who is a United States citizen or lawful permanent resident. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

We lack jurisdiction to review any order or judgment regarding relief under certain provisions of the INA, including the sections concerning cancellation of removal and adjustment of status. INA § 242(a)(2)(B)(i), 8 U.S.C.

2

§ 1252(a)(2)(B)(i).  Notwithstanding that jurisdictional bar, however, we retain jurisdiction to review any petition that raises a constitutional claim or question of law.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  A challenge to the BIA's determination that an alien has not shown exceptional and extremely unusual hardship, for cancellation of removal purposes, is not a constitutional claim subject to review under this exception.  *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549-50 (11th Cir. 2011).

Here, the BIA agreed with the IJ's determination that Hernandez failed to establish that his removal would result in "exceptional and extremely unusual hardship" to his spouse or children.  This was a discretionary determination made by the BIA, which is not reviewable by this Court, unless Hernandez presents a colorable constitutional claim or question of law.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  However, in his initial brief, Hernandez does not present any constitutional claim or question of law.  Rather, he argues that the facts before the IJ and the BIA, concerning his daughter's medical condition, should have been enough to establish exceptional and extremely unusual hardship.  That argument is not a constitutional claim or a question of law that will allow judicial review of the BIA's order dismissing his case.  *Alhuay*, 661 F.3d at 549-50.  Accordingly, we dismiss his petition because we lack jurisdiction to review it.

**PETITION DISMISSED.**

3