[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10923
Non-Argument Calendar
_____

Agency No. A205-871-536

ANDRES ADAME-QUINTANA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 21, 2020)

Before MARTIN, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Andres Adame Quintana seeks review of the Board of Immigration Appeals' final order affirming an immigration judge's denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b). Mr. Adame-Quintana's sole argument is that the IJ and the BIA misapplied precedent when finding that his U.S. citizen children would not suffer an "exceptional and extremely unusual hardship" due to his removal and their resulting relocation to Mexico. *See* 8 U.S.C. § 1229b(b)(1)(D). Because Mr. Adame-Quintana did not exhaust his administrative remedies, *see Jeune v. U.S. Atty. Gen.*, 810 F.3d 792, 800 (11th Cir. 2016), we lack jurisdiction to review his claim. Accordingly, we dismiss his petition for review. [1]

## I

Mr. Adame-Quintana is a native and citizen of Mexico who has been living in the United States without status since the 1990s. In 2014, the Department of Homeland Security charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). During his removal proceeding, Mr. Adame-Quintana conceded the charge of removability and subsequently filed an application for cancellation of removal under 8 U.S.C. § 1229b(b). The IJ denied Mr. Adame-Quintana's application, finding that his removal would not result in "exceptional and extremely

---

[1] As we write for the parties, we set out only what is necessary to address Mr. Adame-Quintana's argument.

2

unusual hardship" on his children, who are U.S. citizens. *See* 8 U.S.C. § 1229b(b)(1)(D).

Mr. Adame-Quintana subsequently appealed the IJ's decision to the BIA. In relevant part, he argued that the IJ had erred by failing to consider, when analyzing whether Mr. Adame-Quintana's children would suffer exceptional and extremely unusual hardship due to his removal, the impact of their relocation to Mexico. The BIA dismissed Mr. Adame-Quintana's appeal after determining that the IJ had indeed considered the effects of relocation on his children. Mr. Adame-Quintana now seeks our review of that final decision by the BIA.

## II

In his petition for review, Mr. Adame-Quintana asserts—for the first time—that in *In Re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001), the BIA held that the "exceptional and extremely unusual hardship" standard is met if the hardship resulting from removal is *either* exceptional *or* extremely unusual.  According to Mr. Adame-Quintana, the IJ and the BIA (by affirming the IJ's decision) erred in considering only the "exceptional" prong of the standard and failing to analyze the "extremely unusual" prong.

We review *de novo* our subject-matter jurisdiction. *See Jeune*, 810 F.3d at 799. We lack jurisdiction to review a final order of removal if a petitioner has not exhausted his administrative remedies available as of right. *See* 8 U.S.C.

3

§ 1252(d)(1). *See also Jeune*, 810 F.3d at 800. If a petitioner neglects to assert an error before the BIA that he later attempts to raise before us, he has failed to exhaust administrative remedies. *See id.* Though administrative exhaustion does not require that a petitioner employ precise legal terminology, it does require that he provide sufficient information to enable the BIA to review and correct the alleged error. *See id.*

A review of the record confirms that Mr. Adame-Quintana has not exhausted his administrative remedies on the sole point he raises in his petition. On appeal before the BIA, Mr. Adame-Quintana did not assert that *Monreal-Aguinaga* had established an either-or method of meeting the "exceptional and extremely unusual hardship" standard. Further, he did not argue that the IJ had improperly applied *Monreal-Aguinaga* or failed to consider the "extremely unusual" prong of the standard. Nor did he request that the BIA overturn the IJ's decision on that basis. Instead, he argued that the IJ had erred by not finding that his children would suffer unusual and extreme hardship due to their relocation to Mexico. Notwithstanding the references in Mr. Adame-Quintana's BIA brief to the purported unusual and extreme nature of his children's hardship, we cannot construe the use of that terminology as providing the BIA with sufficient information to review and correct the error that he now claims was committed.

Consequently, Mr. Adame-Quintana failed to exhaust his administrative remedies, leaving us without jurisdiction to consider his petition for review.[2]

### III

Because we lack subject-matter jurisdiction over Mr. Adame-Quintana's claim, we dismiss his petition for review.

**PETITION DISMISSED**.

---

[2] Given our decision, we need not address whether 8 U.S.C. § 1252(a)(2)(B) also deprives us of jurisdiction. *See Patel v. U.S. Atty. Gen.*, 971 F.3d 1258, 1262 (11th Cir. 2020) (en banc); *Martinez v. U.S. Atty. Gen.*, 446 F.3d 1219, 1221-22 (11th Cir. 2006).

5