[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13764
Non-Argument Calendar

_____

Agency No. A098-240-462

DAVID ALEJANDRO GUERRERO-COSTILLA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 28, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

David Alejandro Guerrero-Costilla, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1).[1] The BIA affirmed the IJ's determination that Guerrero-Costilla failed to establish the required ten-year period of continuous physical presence in the United States for cancellation of removal based on the date he was served with his notice to appear ("NTA"). On appeal, Guerrero-Costilla argues that the NTA was defective because it did not designate the specific time and place of his initial removal hearing, and it therefore did not interrupt his accrual of continuous physical presence for purposes of cancellation of removal, citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).[2] In light of the Supreme

---

[1] The Attorney General may cancel the removal of an inadmissible or removable alien and adjust the status of the alien to that of a lawful permanent resident if the alien:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;
> (C) has not been convicted of [certain specified offenses]; and
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1).

[2] Guerrero-Costilla also argues that the BIA erred by affirming the IJ's conclusion that he failed to establish exceptional and extremely unusual hardship. The BIA, however, expressly declined to address that issue. Therefore, we do not address Guerrero-Costilla's argument, and we leave it to the BIA to address this claim in the first instance on remand. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 n.2 (11th Cir. 2006) (explaining that when the BIA does not address an IJ's alternative holding, the alternative holding is not subject to review by this Court).

Court's recent decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), Guerrero-Costilla is entitled to relief on this claim. Accordingly, we grant his petition, vacate the decision of the BIA, and remand the case for further proceedings.[3]

## I.    Background

On July 15, 2009, the Department of Homeland Security served Guerrero-Costilla with an NTA charging him as being removable for being an alien present in the United States without being admitted or paroled. The NTA did not contain the date, time, or location of Guerrero-Costilla's initial removal proceeding. Approximately a week later, on July 22, 2009, the immigration court mailed Guerrero-Costilla's attorney a notice of hearing with the time, date, and location of the hearing. Guerrero-Costilla appeared at the removal hearing and conceded his removability.

Thereafter, Guerrero-Costilla filed an application for cancellation of removal. Following a hearing on his application, the IJ denied the application holding that: (1) Guerrero-Costilla could not establish the requisite 10 years of continuous physical presence because, although he entered the United States in 1995, he took a six-month trip to Mexico in 2000 which constituted a break in his

---

[3] While this appeal was pending before the panel, the Respondent filed a motion to remand the case to the BIA to address the impact of the Supreme Court's recent decision in *Niz-Chavez*. In light of our holding in this case, we deny the motion as moot.

3

physical presence as he was absent for more than 90 days, and the service of the July 15, 2009 NTA ended his subsequent period of continuous physical presence; and (2) he failed to establish that his removal would result in exceptional and extremely unusual hardship to a qualifying relative.

Guerrero-Costilla appealed arguing that: (1) the IJ erred in finding that he could not meet the continuous presence requirement because his NTA did not specify a date or time for his initial removal proceeding, and it therefore did not trigger the stop-time rule; and (2) the IJ erred in finding that he failed to establish exceptional and extremely unusual hardship to his U.S. citizen children if he were removed.

The BIA dismissed his appeal and affirmed the IJ's determination that, under the stop-time rule for continuous physical presence, the period ended when Guerrero-Costilla received the July 22, 2009 notice of hearing because, pursuant to *Matter of Mendoza-Hernandez and Capula-Cortes*, 27 I. & N. Dec. 520 (BIA 2019), the subsequent notice of hearing perfected the prior deficient NTA which had not included the hearing information.  Accordingly, the BIA concluded that Guerrero-Costilla's lack of continuous physical presence for 10 years was "a decisive issue" that was fatal to his application for cancellation of removal, such that it was unnecessary to address the alternative holding that Guerrero-Costilla had failed to establish sufficient hardship to a qualifying relative.

## II.    Discussion

We review only the decision of the BIA, except to the extent that it adopts the IJ's decision or expressly agrees with the IJ's reasoning. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). We review questions of law *de novo*. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

Under 8 U.S.C. § 1229(a), a non-citizen in removal proceedings must be provided with an NTA specifying, among other things, the time and place of the removal hearing. 8 U.S.C. § 1229(a)(1)(G)(i). And the stop-time rule for cancellation of removal provides that a non-citizen's period of continuous physical presence is deemed to end "when the alien is served a notice to appear under section 1229(a)." 8 U.S.C. § 1229b(d)(1).

In *Pereira*, the Supreme Court held that an NTA that does not specify the time and place of the initial removal proceeding does not qualify as a "notice to appear under section 1229(a)" and therefore does not trigger the stop-time rule. 138 S. Ct. at 2110, 2116. Thereafter, the BIA determined that, when an NTA fails to specify the time or place of the initial removal hearing, the service of a subsequent notice of hearing containing information that perfects the deficient NTA triggers the stop-time rule and ends the non-citizen's period of continuous physical presence in the United States. *Matter of Mendoza-Hernandez and Capula-Cortes*, 27 I. & N. Dec. at 529. However, the Supreme Court rejected this

5

interpretation recently, holding that § 1229b(d)(1) and § 1229(a)(1) unambiguously require that the government provide a single NTA containing all of the information required to be in an NTA in order to trigger the stop-time rule. *Niz-Chavez*, 141 S. Ct. at 1479–86.

Here, it is undisputed that Guerrero-Costilla's July 15, 2009 NTA did not contain the date, time, or location of his initial removal proceeding. And the BIA's interpretation of the stop-time rule—that the subsequent July 22, 2009 notice of hearing perfected the prior deficient NTA and triggered the stop-time rule—is an impermissible reading of the statute in light of *Niz-Chavez*. Accordingly, we grant the petition for review, vacate the BIA's decision, and remand this case to the BIA for it to reconsider whether Guerrero-Costilla established 10 years of continuous physical presence given the Supreme Court's decision in *Niz-Chavez*.[4] If so, the BIA should address in the first instance the IJ's alternative determination that Guerrero-Costilla failed to establish the requisite hardship to a qualifying relative for purposes of cancellation of removal.

**PETITION FOR REVIEW GRANTED, BIA'S DECISION VACATED, AND CASE REMANDED.**

---

[4] Although it appears based on the administrative record before us that Guerrero-Costilla may have satisfied the 10 years' physical presence requirement, the BIA is in the best position to make that determination in the first instance.