[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11278

Non-Argument Calendar

_____

SANTIAGO RAMIREZ-VILLAGOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A205-122-831

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Santiago Ramirez-Villagomez ("Ramirez") seeks review of the Board of Immigration Appeal's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal under the Immigration and Nationality Act ("INA"). Ramirez argues that the BIA abused its discretion when it dismissed his appeal because he clearly demonstrated that his son would suffer exceptional and extremely unusual hardship due to his medical conditions if Ramirez were removed to Mexico. Additionally, Ramirez argues that the IJ failed to adequately consider his evidence regarding his son's medical conditions, and the BIA erred when it found the IJ's consideration was adequate.

We review only the decision of the BIA, except that we review the IJ's decision as well as the BIA's to the extent that the BIA expressly adopts or explicitly agrees with the IJ's decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We review questions of law *de novo* and administrative factfinding for substantial evidence. *Id.* at 948.

We review our subject matter jurisdiction *de novo*. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006). Under the discretionary decision bar at INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review any judgment regarding eligibility for cancellation of removal. INA 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258,

1279 (11th Cir. 2020) (*en banc*), *cert. granted*, 141 S. Ct. 2850 (2021). However, we retain jurisdiction to consider genuine, colorable constitutional or legal claims, though "a party may not dress up a claim with legal or constitutional clothing to invoke [this Court's] jurisdiction." INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Patel*, 971 F.3d at 1272.

For certain nonpermanent residents, the Attorney General may cancel the removal of an alien who is inadmissible or deportable from the United States if the alien: (1) has been physically present in the United States for a continuous period of not less than ten years prior to the application; (2) has been a person of good moral character for those ten years; (3) has not been convicted of certain crimes; and (4) establishes that his removal "would result in exceptional and extremely unusual hardship" to his spouse, parent, or child who is a U.S. citizen or lawful permanent resident. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). A challenge to the BIA's determination that an alien has not shown exceptional and extremely unusual hardship, for cancellation of removal purposes, is not a constitutional claim or question of law subject to review under the INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), exception. *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011).

Claims that the agency failed to give reasoned consideration to an issue is a question of law that we review *de novo*. *Jeune v. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). In a reasoned-consideration examination, we look to whether the agency has "consider[ed] the issues raised and announce[ed] its decision in terms sufficient to enable a reviewing court to perceive that it has heard

and thought and not merely reacted." *Id.* at 803 (quotation marks omitted and alterations in original).  We have sustained reasoned consideration claims in three sets of circumstances: "when the BIA misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decisions which are unreasonable and which do not respond to any arguments in the record." *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1334 (11th Cir. 2019) (internal quotations omitted).  "All failures to give reasoned consideration thus share a common trait: [t]he [BIA's] opinion, read alongside the evidentiary record, forces us to doubt whether we and the [BIA] are, in substance, looking at the same case." *Id.*  The agency does not need to discuss all the record evidence, but in some cases "it is practically impossible . . . to write a reviewable decision without discussing 'highly relevant' evidence." *Id.*  However, the BIA and IJ "are not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Ayala*, 605 F.3d at 948 (quotations omitted).

Ramirez's claim that the evidence he provided was sufficient to show exceptional and extremely unusual hardship is a factual question that we lack jurisdiction to review.  But his claim that the IJ did not consider all of his evidence regarding his son's medical conditions, and that the BIA erred when it found the IJ's consideration adequate, is a question of law that we can review.  Nonetheless, his claim fails because the IJ gave reasoned consideration to his evidence.  The IJ mentioned multiple documents in his ruling

21-11278　　　　　　Opinion of the Court　　　　　　5

(though he discussed them one at a time) and identified the key facts from Ramirez's medical documents. Thus, the BIA did not err in finding the IJ's consideration adequate. Accordingly, we dismiss the petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**