[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13178
Non-Argument Calendar
_____

Agency No. A026-701-817

EBONY NASRINE DANIELLE PHILLIPS,
a.k.a. Ebony Danielle Beam,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 27, 2019)

Before MARTIN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Ebony Phillips, a native and citizen of the United Kingdom, seeks review of the Board of Immigration Appeals' (BIA) final order of removal and denial of her application for adjustment of status pursuant to 8 U.S.C. § 1255.  Phillips argues the Immigration Judge (IJ) and the BIA erred in concluding the IJ lacked jurisdiction to consider her application for adjustment of status while removal proceedings were pending against her.  She contends that, since the Department of Homeland Security classified her as an admitted alien in her Notice to Appear, and not as an arriving alien, the IJ had jurisdiction to consider her application for adjustment of status, pursuant to 8 C.F.R. §§ 245.2(a)(1), (a)(2)(i), and 1245.2(a)(1)(i).

The Government, in turn, argues that we lack jurisdiction over Phillips' petition for review because she filed it after the 30-day window to appeal provided for in 8 U.S.C. § 1252(b)(1) expired.  The government notes Phillips' order of removal became final on June 27, 2018, when the BIA dismissed her appeal, and she did not file her petition for review with this Court until July 30, 2018.

We review our own subject matter jurisdiction *de novo*.  *Martinez v. U.S. Att'y Gen*, 446 F.3d 1219, 1221 (11th Cir. 2006).  Generally speaking, we have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252.  However, a petition for review of an order of removal "must be filed not later than 30 days after the date of the final order of removal."  8 U.S.C. § 1252(b)(1).  And

2

as we have noted, "[s]ince the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing *Stone v. INS*, 514 U.S. 386, 405 (1995)). In *Dakane*, we determined we lacked jurisdiction to consider a petitioner's challenges to his final order of removal because the petitioner did not timely file his petition for review with this Court. *Id.* Accordingly, we refused to consider his petition to the extent that he challenged his final order of removal. *Id.*

We lack jurisdiction over Phillips' petition for review, because she did not timely file it. 8 U.S.C. § 1252(b)(1); *Dakane*, 399 F.3d at 1272 n.3. Moreover, the aforementioned deadline is not subject to equitable tolling, nor does Phillips argue that point. *Dakane*, 399 F.3d at 1272 n.3. Accordingly, we dismiss her petition for review in its entirety.

**PETITON DISMISSED.**