[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10870
Non-Argument Calendar

_____

Agency No. A076-318-208

ALVARO MAZARIEGOS-RODRIGUEZ,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 16, 2019)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alvaro Mazariegos-Rodriguez ("Rodriguez") appeals the Board of
Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's
("IJ") denial of his third motion to reopen his underlying removal proceedings. On

appeal, Rodriguez argues that, as a matter of law, jurisdiction did not vest with the immigration court and removal proceedings did not commence in his case because the Notice to Appear ("NTA") issued by the government did not identify the date, time, and place of his initial removal hearing. After careful review, we affirm.

We review issues of subject matter jurisdiction de novo. Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006). We review the BIA's denial of a motion to reopen for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009).

An immigration court is vested with jurisdiction to conduct removal proceedings upon the filing of a charging document. See 8 C.F.R. § 1003.14(a). An NTA is a charging document. See Cunningham v. U.S. Att'y Gen., 335 F.3d 1262, 1266 (11th Cir. 2003) (per curiam). By statute, an NTA must specify, among other things, the time and place at which an alien's removal hearing will be held. 8 U.S.C. § 1229(a)(1)(G)(i). But, under the regulatory framework, an NTA is not required to specify the time and place of an alien's removal hearing. See generally 8 C.F.R. § 1003.15.

Recently, after the parties filed their briefs in this appeal, we considered whether an NTA that failed to state the time and date of the hearing deprives the agency of jurisdiction over the removal proceedings. See Perez-Sanchez v. U.S. Att'y Gen., 935 F.3d 1148 (11th Cir. 2019). In Perez-Sanchez, we held that although

2

an NTA's failure to specify the time of the hearing violated 8 U.S.C. § 1229, the statutory requirement was not jurisdictional. Id. We said, instead, that "[§] 1229's time-and-place requirement [did not] create a jurisdictional rule." Id.

We then turned to 8 C.F.R. § 1003.14, the "regulation that purportedly sets forth the agency's jurisdiction over removal proceedings." Id. Noting that § 1003.14 was contrary to 8 U.S.C. § 1229 and arguably should not be given effect, we nevertheless held that the regulation was a claim-processing rule too. Id. As we explained, even though the regulation expressly referred to the vesting of jurisdiction in the agency, it was not a jurisdictional rule because agencies cannot set or limit their own jurisdiction. In other words, even if the NTA's failure to specify the time of the hearing rendered it deficient under 8 C.F.R. § 1003.14, the agency still properly exercised jurisdiction because the regulation could not have imposed a jurisdictional limitation. Id. We thus held that neither the statutory rule nor the regulation was jurisdictional, so neither violation deprived the BIA of jurisdiction, and we denied the petitioner's claim. Id.

Here, Rodriguez's claim is squarely foreclosed by our recent decision in Perez-Sanchez. Rodriguez's only argument on appeal is that the IJ did not have jurisdiction over his initial removal proceedings because his NTA was deficient. We squarely rejected that argument in Perez-Sanchez, holding that deficiencies like these -- those that violate the requirements of 8 U.S.C. § 1229 or 8 C.F.R. § 1003.14

3

-- are not jurisdictional.  <u>See</u> <u>id</u>.  Thus, any deficiencies in Rodriguez's NTA did not deprive the IJ of jurisdiction over Rodriguez's removal proceedings.  <u>See</u> <u>id</u>. Accordingly, the BIA did not abuse its discretion in dismissing Rodriguez's motion to reopen his removal proceedings.

**PETITION DENIED.**