[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12372
Non-Argument Calendar
_____

Agency No. A208-747-717

REINA ISABEL DIAZ-VALENZUELA,
CRISTOFER FABIAN ORELLANA-DIAZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 6, 2020)

Before BRANCH, FAY and DUBINA, Circuit Judges.

PER CURIAM:

Reina Diaz-Valenzuela and her minor child seek review of the final order of the Board of Immigration Appeals ("BIA") dismissing their appeal and affirming the Immigration Judge's ("IJ") denial of their motion to reopen and terminate proceedings where the IJ previously denied their application for asylum, withholding of removal, and Convention Against Torture relief. On petition for review, petitioners argue that their notice to appear ("NTA") lacked a date and time, which rendered it defective and precluded jurisdiction from vesting with the IJ.

I

"We review subject matter jurisdiction *de novo*." *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006) (quoting *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003)). We review for abuse of discretion the BIA's denial of a motion to reopen. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

An immigration court is vested with jurisdiction to conduct removal proceedings upon the filing of a charging document. *See* 8 C.F.R. § 1003.14(a). An NTA is a charging document. *See Cunningham v. U.S. Att'y Gen.*, 335 F.3d 1262, 1266 (11th Cir. 2003). By statute, an NTA must specify, among other things, the time and place at which an alien's removal hearing will be held. INA § 239(a)(1)(G)(i), 8 U.S.C. § 1229(a)(1)(G)(i). Under the regulatory framework,

however, an NTA is not required to specify the time and place of an alien's removal hearing. *See generally* 8 C.F.R. § 1003.15.

In *Pereira*, the Supreme Court held—in the context of when an alien's continuous physical presence for purposes of cancellation of removal ends—that an NTA that does not specify the time and place of the hearing does not comport with 8 U.S.C. § 1229(a) and consequently is not an NTA at all. *See Pereira v. Sessions*, 585 U.S. ___, ___, 138 S. Ct. 2105, 2110 (2018).

Following *Pereira*, the BIA addressed the question of whether an NTA that is defective for purposes of the stop-time rule is nevertheless sufficient to vest the IJ with jurisdiction. *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 442-43 (BIA 2018). The BIA concluded that an NTA that does not specify the time and place of an alien's initial hearing is sufficient to vest the IJ with jurisdiction so long as it is followed by a notice of hearing that supplies this missing information. *Id.* at 447. In reaching this conclusion, the BIA noted both the long history of NTAs that lacked time and place specifications and that the Supreme Court in *Pereira* addressed only a narrow question regarding the stop-time rule. Thus, the BIA concluded that because the alien was not seeking cancellation of removal, like the alien in *Pereira*, the case was distinguishable. *Id.* at 443–47.

We have considered whether an NTA that failed to state the time and date of the hearing deprives the agency of jurisdiction over the removal proceedings. *See*

*Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1148-59 (11th Cir. 2019).  We

held in *Perez-Sanchez* that, although an NTA's failure to specify the time of the

hearing violated 8 U.S.C. § 1229, the statutory requirement was not jurisdictional.

*Id.* at 1153-54.  Rather, we held that the requirement was a claim processing rule.

*Id.* at 1150, 1154-55.

Regarding 8 C.F.R. § 1003.14, we reasoned that it arguably should not be

given effect, as it was contrary to 8 U.S.C. § 1229, but even assuming it should be

given effect, it too was a claim processing rule.  *Id.* at 1155-1157.  We held that,

even though the regulation expressly referred to the vesting of jurisdiction in the

agency, it was not a jurisdictional rule because agencies cannot set or limit their

own jurisdiction.  *Id.*  Thus, we held that, even if the NTA's failure to specify the

time of the hearing rendered it deficient under 8 C.F.R. § 1003.14, the agency still

properly exercised jurisdiction because the regulation could not have imposed a

jurisdictional limitation.  *Id.*  We also held that, because neither the statutory rule

nor the regulation was jurisdictional, neither violation deprived the BIA of

jurisdiction.  *Id.*  We therefore denied the petitioner's claim.  *Id.* at 1159.

Here, we conclude that the BIA did not err in dismissing petitioners' appeal.

Our decision in *Perez-Sanchez* forecloses the petitioners' argument because we

held that a deficient NTA does not create a jurisdictional defect.  Because the

failure to place time and date information on an NTA is a claim processing rule

4

rather than a jurisdictional rule, the BIA did not err in concluding that petitioners' NTA properly gave the IJ jurisdiction over their removal proceedings.  Thus, the BIA did not abuse its discretion by dismissing their appeal.  Accordingly, we deny the petition for review.

**PETITION DENIED.**