[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14082
Non-Argument Calendar
_____

Agency No. A060-601-517

NAKIA COURTNEY HAMILTON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 25, 2020)

Before BRANCH, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Nakia Hamilton petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his counseled "Motion to Reopen and Reconsider and Rescind Removal Order for Failure to Timely File Application for Relief & Alternative Form of Relief" as a numerically barred motion to reopen. We deny his petition.

Hamilton raises three issues on appeal. First, he argues that the IJ lacked jurisdiction over his removal proceedings because his notice to appear ("NTA") did not contain the time and place of his removal hearing. Second, he argues that the BIA erred in affirming the IJ's denial of his filing as a numerically-barred second motion to reopen, because he asserts that it was actually a motion for reconsideration. Lastly, he argues that the BIA erred in affirming the IJ's denial of his construed motion to reopen because his spouse's filing of a Form I-130 Petition for Alien Relative was material new evidence under 8 U.S.C. § 1229(c)(7).

I.

First, we turn to Hamilton's jurisdictional argument.[1] Because his NTA did not include the time or place for his hearing as specified in 8 U.S.C. § 1229(a), Hamilton claims that removal proceedings were never validly initiated against him, and that the IJ therefore had no jurisdiction to conduct such proceedings. Hamilton

_____

[1] We review subject matter jurisdiction *de novo*. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221 (11th Cir. 2006).

2

cites *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), in support of his argument. The *Pereira* Court held that an NTA does not meet the criteria of § 1229(a), and does not trigger the stop-time rule that was at issue in that case, if the NTA fails to include the time and place of the noncitizen's removal proceedings. *Id.* at 2113–14.

We recently rejected an argument identical to Hamilton's in *Perez-Sanchez v. U.S. Attorney General*, 935 F.3d 1148 (11th Cir. 2019). There, we stated that "the regulation and the statute" governing "the service or filing of an NTA" set forth "only claim-processing rules," not jurisdictional rules. *Id.* at 1153. We held that "neither 8 U.S.C. § 1229(a) nor 8 C.F.R. § 1003.14 speaks to jurisdiction," and therefore the "IJ and the BIA properly exercised jurisdiction" over the removal proceedings. *Id.* at 1157. Hamilton's protestations notwithstanding, his argument that this rule is jurisdictional is foreclosed by binding precedent. Accordingly, we deny his petition with respect to this claim.

## II.

Next, we turn to Hamilton's argument that the BIA erred in affirming the IJ's denial of his September 15, 2017 filing as a numerically-barred second motion to reopen. He asserts that this filing was actually a motion for reconsideration, and

that the IJ improperly construed the motion as a second motion to reopen in denying it.[2]

We do not reach questions raised in a petition for review that the BIA has not yet properly addressed in the first instance because we lack jurisdiction to do so.  8 U.S.C. §1252(d) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").  A petitioner fails to exhaust her administrative remedies with respect to a particular claim when she does not raise that claim before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  To exhaust a claim, a petitioner must have previously argued "the core issue now on appeal" before the BIA in a manner sufficient to allow the BIA to adequately review the claim and correct any errors below, including by providing the BIA with the factual underpinnings of the argument if applicable.  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (internal quotations omitted).

In Hamilton's (counseled) argument attached to his notice of appeal to the BIA, Hamilton claims that his motion "was timely filed and not numerically barred since it [sic] appropriate to file a motion to reconsider after a motion to reopen has been denied."  He presents no argument as to why the IJ should have construed the

---

[2] Hamilton's first motion to reopen was denied by the IJ.  The governing law provides that an alien may only file one motion to reopen, with some exceptions.  *See* 8 U.S.C. § 1229a(c)(7)(A).

4

motion as a motion to reconsider rather than a motion to reopen, or any another reason why the second motion was not numerically barred, and therefore the BIA had no basis to review the claim.  Therefore, this argument comes before us unexhausted, and we lack jurisdiction to review it.  *See Indrawati*, 779 F.3d at 1297.

## III.

Finally, we turn to Hamilton's argument that the BIA erred in affirming the IJ's denial of his construed motion to reopen because his spouse's filing of a Form I-130 Petition for Alien Relative was material new evidence under 8 U.S.C. § 1229(c)(7).  However, because Hamilton did not exhaust his challenge to the IJ's consideration of his motion as a motion to reopen, and because he does not contest that, in his position, a second motion to reopen was numerically barred,[3] we need not consider whether Hamilton's argument about material new evidence has any validity.  *See Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the [lower court] based its judgment . . . it follows that the judgment is due to be affirmed.").

**PETITION DENIED.**

---

[3] Instead, he merely reiterates his (unexhausted) argument that the filing was a motion for reconsideration.