[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13213
Non-Argument Calendar

_____

Agency No. A087-088-626

ALEXANDER APRAEZ-VELASCO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 28, 2020)

Before NEWSOM, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Alexander Apraez-Velasco seeks review of the Board of Immigration Appeals' order dismissing an appeal from the Immigration Judge's denial of cancellation of removal under 8 U.S.C. § 1229b. Apraez argues that the IJ violated his Fifth Amendment due process rights when she deprived him of a full and fair hearing because she prejudged the merits of his case and incorrectly determined that he provided false testimony, and that this violation caused him substantial prejudice.

We hold (1) that we lack jurisdiction over Apraez's petition for review because the BIA relied solely on the IJ's discretionary determination that Apraez failed to show the requisite hardship under 8 U.S.C. § 1229b(b)(1)(D); and (2) that Apraez's due process claim is unexhausted. We therefore dismiss Apraez's petition.

## I

"We review our subject matter jurisdiction de novo." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). The Immigration and Nationality Act vests the Attorney General with the discretion to "cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien" shows: (1) he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such

2

application"; (2) he "has been a person of good moral character during such period"; (3) he "has not been convicted of" certain criminal offenses; and (4) his "removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child" who is a U.S. citizen or permanent resident.  8 U.S.C. § 1229b(b)(1); *see also Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222–23 (11th Cir. 2006) (noting that the BIA's decision that a petitioner did not meet the INA's "exceptional and extremely unusual hardship" standard is "purely discretionary").

As relevant here, our jurisdiction to review the agency's discretionary decisions is governed by 8 U.S.C. § 1252(a)(2)(B)(i), which provides that "no court shall have jurisdiction to review" any judgments regarding the granting of, among other forms of relief, cancellation of removal under 8 U.S.C. § 1229b.  *See Martinez*, 446 F.3d at 1221 (holding that § 1252(a)(2)(B)(i) and Circuit precedent "squarely precludes us from reviewing the BIA's conclusion that a petitioner has not met § 1229b(b)(1)(D)'s 'exceptional and extremely unusual hardship' standard"); *see also Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011) (dismissing a petition for lack of jurisdiction to the extent that the petitioner sought review of the agency's denial of her claim for cancellation of removal); *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332–33 (11th Cir. 2003) (noting that "the exceptional and extremely unusual hardship determination is a discretionary decision not subject to review").

3

We retain jurisdiction, however, to review "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(D); *Martinez*, 446 F.3d at 1221–22.  "[W]e review constitutional claims *de novo*."  *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice."  *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341–42 (11th Cir. 2003).

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion.  Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted).  Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga*, 463 F.3d at 1250.  Like other claims, "procedural due process claims" and "procedural errors argued in due process terms, must be raised before the BIA."  *Id.* at 1251.

## II

Here, the BIA declined to consider the IJ's finding that Apraez lacked the good moral character needed to qualify for cancellation of removal, finding that the

4

record was unclear as to that determination.  The BIA concluded that Apraez was not eligible for cancellation of removal because he could not show the requisite hardship, and therefore decided that it "need not reach the separate issue of good moral character."  Accordingly, the IJ's findings as to Apraez's good moral character—including the finding that he provided false testimony—were not relied on by the BIA and thus, are not before us to review.  *Al Najjar*, 257 F.3d at 1284. Because the BIA relied solely on the hardship determination in affirming that Apraez was not eligible for cancellation of removal, only that decision is before us, and we lack jurisdiction to review that discretionary determination.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez*, 446 F.3d at 1221.

Further, while Apraez contends that the IJ violated his due process rights in making an adverse credibility determination and good-moral-character findings, he never raised this argument before the BIA.  Although Apraez argued that the IJ made errors of law and fact in her credibility determinations and good-moral-character findings, he did not assert a constitutional violation.  *See Sundar v. I.N.S.*, 328 F.3d 1320, 1325–26 (11th Cir. 2003) (quoting *Rashtabandi v. I.N.S.*, 23 F.3d 1562, 1567 (9th Cir. 1994), for the proposition that "a petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process"

5

(alteration omitted)).  We lack jurisdiction to hear such an unexhausted claim.[1] *See Amaya-Artunduaga*, 463 F.3d at 1250–51.

Even if Apraez had exhausted his due process claim and it were properly before us, it would fail.  Because the BIA determined that he was not eligible for cancellation of removal based on the hardship determination, Apraez cannot show that the asserted errors—the IJ's purportedly biased credibility and good moral character findings—caused him "substantial prejudice."  *See Lonyem*, 352 F.3d at 1341–42.

\* \* \*

In conclusion, we lack jurisdiction over the BIA's discretionary determination that Apraez failed to demonstrate hardship.  With respect to his due process claim, we hold that it is unexhausted.  We therefore dismiss Apraez's petition for review.

**PETITION DISMISSED.**

---

[1] We reject Apraez's argument that the BIA lacked jurisdiction to consider his constitutional claim, as we have expressly held that an "allegation of a due process violation—that [a petitioner] was denied a full and fair hearing before a neutral factfinder—is precisely the kind of procedural error which requires exhaustion."  *Amaya-Artunduaga*, 463 F.3d at 1251.

6