[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10922
Non-Argument Calendar
_____

Agency No. A201-263-388

FREDY ANDABLO GUTIERREZ, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 28, 2020)

Before MARTIN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Petitioners, Fredy Andablo Gutierrez and Carolina Hernandez Herrera, seek review of a February 10, 2020 decision by the Board of Immigration Appeals (the "BIA"), dismissing their appeal of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal.  The IJ determined that Petitioners failed to establish (1) a ten-year continuous physical presence in the United States and (2) exceptional and extremely unusual hardship to their U.S. citizen children.  The BIA adopted and affirmed the IJ's decision.  After careful review, we dismiss the petition for lack of jurisdiction.

## I.

Petitioners are natives and citizens of Mexico.  They entered the United States without being admitted or paroled by an immigration officer.  On October 11, 2011, the Department of Homeland Security served Petitioners with notices to appear in immigration court.  The notice charged Petitioners under 8 U.S.C. § 1182(a)(6)(A)(i) as removable aliens present in the United States without being admitted or paroled.

At an immigration court hearing in September 2015, Petitioners, represented by counsel, conceded removability as charged but indicated they would apply for cancellation of removal.  Following a hearing, the IJ issued a written decision denying Petitioners' applications for cancellation of removal.  The IJ determined that Petitioners showed neither the required ten years' continuous physical

presence in the United States, nor an exceptional and extremely unusual hardship to their U.S. citizen children.

Petitioners timely appealed the IJ's decision to the BIA. On February 10, 2020, the BIA adopted and affirmed the IJ's decision. The BIA concluded that (1) the IJ's factual finding that the Petitioners failed to demonstrate a ten-year continuous physical presence was not clearly erroneous, and (2) the IJ applied the correct legal standard in concluding the Petitioners' children would not experience exceptional and extremely unusual hardship upon their removal. Following the BIA's affirmance, Petitioners filed the instant petition for review.

## II.

For the reasons below, we conclude that we lack jurisdiction and that the petition is due to be dismissed.

We review de novo the issue of whether we have subject matter jurisdiction over a petition for review of a BIA decision. Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th. Cir. 2006). In Patel v. United States Attorney General, --- F.3d ---, 2020 WL 4873196 (11th Cir. Aug. 19, 2020) (en banc), this Court held that all eligibility determinations listed under Immigration and Nationality Act ("INA") § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), which concerns "[d]enials of discretionary relief," are precluded from judicial review, except to the extent constitutional claims or questions of law are presented. Id. at *1, *15; 8 U.S.C.

3

§ 1252(a)(2)(B).  Among the five enumerated categories of discretionary relief Patel insulated from review is one that pertains to orders denying cancellation of removal, which is the basis of this petition.  See Patel, 2020 WL 4873196, at *1; INA §§ 240A(b), 242(a)(2)(B)(i), 8 U.S.C. §§ 1229b(b), 1252(a)(2)(B)(i).  Therefore, in keeping with Patel, we review this petition only to the extent it presents colorable constitutional claims and questions of law.  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); Patel, 2020 WL 4873196, at *1; Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th. Cir. 2007) (per curiam) (holding that constitutional and legal claims must be colorable to invoke jurisdiction).

Section 1229b authorizes the Attorney General to cancel the removal of a nonpermanent noncitizen who is inadmissible or deportable from the United States if the noncitizen: (1) has been continuously physically present in the United States for at least ten years; (2) has been a person of good moral character during that period; (3) has not been convicted of certain enumerated offenses; and (4) establishes that removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child, who is a citizen of the United States.  INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1) (emphasis added).

Here, the eligibility determination regarding Petitioners' 10-year continuous presence in the United States is not reviewable because Petitioners raise a purely factual question.  In particular, Petitioners disagree with the IJ's resolution of

4

conflicting evidence, and the absence of evidence, against their position. Because Petitioners were served with notices to appear in 2011, Petitioners were required to establish that they were continuously present since 2001 to be eligible for cancellation of removal. See INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), (d)(1) (requiring a showing of a ten-year continuous presence starting from ten years prior to service of the notice to appear); 8 U.S.C. § 1229a(c)(4)(A) (explaining that noncitizen bears the burden of proof in their application seeking relief from removal). The IJ found inconsistencies in Andablo Gutierrez's evidence supporting his presence, as he attested to working for Buchanan Hardwood Flooring from 2004 to 2008, but the letter submitted from the company indicated he worked there from 2001 to 2004. As for Hernandez Herrera, the IJ noted she failed to provide any documentation of her presence in the United States before 2006. Thus, the IJ concluded the Petitioners had not met their burden on the continuous presence requirement. The BIA affirmed this determination.

Because Petitioners have not raised any legal or constitutional challenge to the finding of insufficient evidence of physical presence in the country, judicial review of this issue is precluded. See Patel, 2020 WL 4873196, at *13–15 (holding that even non-discretionary decisions, such as determinations of the physical presence requirement, are shielded from judicial review).

5

This ruling is dispositive.  Because the IJ found, and the BIA affirmed, that Petitioners failed to establish their continuous presence, and because we cannot review that determination, their application for cancellation of removal necessarily fails.  See 8 U.S.C. § 1229b(b)(1).  We need not address Petitioners' challenges to the determination of their hardship claim, as Petitioners do not qualify for relief in any event.  See INS v. Bagamasbad, 429 U.S. 24, 25, 97 S. Ct. 200, 201 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").  Therefore, we dismiss the petition.

**PETITION DISMISSED.**