[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13306
Non-Argument Calendar

_____

Agency No. A200-969-976

RAMIRO MARTINEZ-SANTOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 24, 2021)

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Ramiro Martinez-Santos seeks review of the Board of Immigration Appeals's

final order affirming the immigration judge's denial of his application for

cancellation of removal under Immigration and Nationality Act § 240A(b), 8 U.S.C. § 1229b(b). He makes three arguments. He argues (1) that the BIA's previous interpretation of "exceptional and extremely unusual hardship" is not based on a permissible construction of the statute; (2) that Section 1229b(b) violates the Fifth Amendment's due process clause by requiring him to establish the hardship of others and punishing family members for their "own lack of disability, or lack of sickness, or their own lack of poverty"; and (3) that it violates the Fifth Amendment's equal protection clause by focusing solely on the hardship to a qualifying relative as opposed to the alien himself.

We limit our review to the BIA's decision, reviewing the immigration judge's decision to the extent that the BIA expressly adopts it. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Issues that the BIA did not reach are not properly before us. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). Issues the petitioner did not raise before the BIA are unexhausted; we lack jurisdiction to consider them. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Alim v. Gonzales*, 446 F.3d 1239, 1253 (11th Cir. 2006). But "constitutional claims raised for the first time [in this Court] that address issues beyond the power of the BIA to address in adjudicating an individual's case may not require exhaustion." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867–68 (11th Cir. 2018); *see also Sundar v. I.N.S.*, 328 F.3d 1320, 1325 (11th Cir. 2003) (holding that the exhaustion

2

requirement applies to claims regarding the BIA's application of its own precedent and emphasizing that the claim at issue was "not a constitutional challenge to the INA itself or a due process claim that could not be resolved by a BIA decision."

The Attorney General has discretion to grant cancellation of removal to a nonpermanent resident who shows, among other things, that "removal would result in exceptional and extremely unusual hardship to the alien's … child, who is a citizen of the United States." INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D). Because that decision is discretionary, we lack jurisdiction to review it. INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222 (11th Cir. 2006). But we may review *de novo* "colorable" constitutional questions about that provision. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (en banc). "A colorable claim need not involve a substantial violation, but the claim must have some possible validity." *Patel*, 971 F.3d at 1275.

Because Martinez-Santos's argument challenging the BIA's previous interpretation of the INA was not exhausted, we cannot reach the merits here. Martinez-Santos's two constitutional claims, however, need not be exhausted and meet the minimal requirements of "colorable" claims; we now turn to the merits of those arguments.

First, Martinez-Santos's substantive-due-process-violation claim fails. We have held that aliens do not have a constitutionally protected liberty interest in purely discretionary forms of relief, such as cancellation of removal. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

Second, Martinez-Santos's equal-protection claim likewise fails. Statutory classifications of immigrants are subject to minimal scrutiny. *Rivas v. U.S. Att'y Gen.*, 765 F.3d 1324, 1328–29 (11th Cir. 2014). Under this standard, the alien has the burden of showing that the government regulation at issue is either arbitrary or unreasonable and is not rationally related to the government's purpose. *Id.* at 1229. But here, the government has a rational basis for requiring an applicant to show that his removal would result in "exceptional and extremely unusual hardship" to his children who are citizens or permanent lawful residents. 8 U.S.C. § 1229b(D). For instance, that requirement helps to ensure that only in the most extreme circumstances may a deportable alien avoid removal by virtue of his citizen relatives. Additionally, the statutory distinction between the alien's hardship and that of his children serves the purpose of Section 1229b's unique role in evaluating the exact closeness and conditions of those familial ties.

For the foregoing reasons, we deny the petition for review.

**PETITION DENIED**.

4