[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-14388

Non-Argument Calendar

_____

BRAULIO PEGUEROS MAGANA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-549-355

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Braulio Pegueros Magana seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum as untimely. Before the IJ, Pegueros Magana argued that the changed circumstances exception to the one-year filing deadline applied because his prior attorneys had erroneously advised him that he would not qualify for asylum unless a close family member had been killed, and after his brother was killed by the same cartel that had kidnapped and threatened him, he promptly applied for asylum. The IJ rejected this argument, noting that he had not been represented by counsel until after the one-year deadline passed; he had not filed a claim for ineffective assistance of counsel against his prior attorneys; the death of his brother, without more, did not qualify as a changed circumstance; and that the evidence he presented did not establish that his brother's killing was plausibly related to Pegueros Magana's own threats and kidnapping.

Before the BIA, Pegueros Magana argued that the IJ erred in finding his asylum claim was not timely under the changed circumstances exception, that the IJ was wrong that the evidence did not link his brother's death to his own claim of persecution, that the IJ's finding placed "an insurmountable burden" on him to "show unequivocally" that all the events of persecution were related, and that after he learned of his brother's murder, he "had

every right to feel that things had changed" and that despite his prior attorneys' advice, he should seek asylum relief in the United States. The BIA affirmed the IJ's finding for the same reasons the IJ stated, and noted that Pegueros Magana had not shown that his brother's death was related to his claim. Pegueros Magana petitioned us for review, and now argues that the BIA and IJ committed a legal error when they determined that the changed circumstances exception did not apply because they did not consider his testimony that he received erroneous advice from his attorney because Pegueros Magana had not filed an ineffective assistance of counsel claim.

We review the decision of the BIA as the final agency decision, and we also review the decision of the IJ to the extent the BIA expressly adopted or explicitly agreed with it. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We review our own subject-matter jurisdiction *de novo*. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). We are obliged to consider our own jurisdiction *sua sponte*. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).

An application for asylum must be filed within one year after the applicant's arrival in the United States. Immigration and Nationality Act ("INA") § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However, an untimely application may be considered if the applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circum-

stances relating to the delay in filing an application within the [required] period." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D).

Pursuant to the asylum statute, "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding the timeliness of an application or an exception to the time-bar. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Although this Court retains jurisdiction to consider questions of law or constitutional claims raised in a petition for review, INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), whether an asylum application was timely filed, or whether extraordinary or changed circumstances excuse an untimely filing, are not questions of law that this Court can review, *Chacon-Botero*, 427 F.3d at 956–57; *see Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222 (11th Cir. 2006) (explaining that § 1252(a)(2)(D) "enables judicial review of a petitioner's constitutional claims and questions of law," but if a petitioner challenges the denial of an asylum application as time-barred without raising a constitutional claim or question of law, the petition must be dismissed).

If a petitioner has failed to exhaust his administrative remedies with respect to a claim, we lack jurisdiction to consider it. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). To exhaust a claim, a petitioner must have previously argued "the core issue now on appeal" before the BIA. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted). Exhaustion does not require a petitioner to use precise legal termi-

nology or to provide well-developed arguments in support of his claim but does require that he "provide information sufficient to enable the BIA to review and correct any errors below." *Id.*

Here, we lack jurisdiction to review Pegueros Magana's argument. Even assuming Pegueros Magana presented a constitutional claim or question of law that would survive 8 U.S.C. § 1158(a)(3)'s jurisdictional bar,[1] we lack jurisdiction to hear it because he failed to exhaust his administrative remedies. The core of Pegueros Magana's argument is that the IJ, in determining whether an exception to the one-year deadline applied, erred by failing to consider his testimony that he received erroneous advice from his prior attorneys. But Pegueros Magana did not raise that argument before the BIA, and therefore did not give the BIA a meaningful opportunity to correct the alleged error. As such, we lack jurisdiction to review the argument.

**PETITION DISMISSED.**

---

[1] To the extent that Pegueros Magana's argument could be construed as challenging the BIA's and IJ's findings that he did not establish a changed circumstance to excuse the untimely filling of his asylum petition, it is barred by § 1158(a)(3).